# JAMES COUCH and MARGARET COUCH, Plaintiffs

## v.

## ST. CROIX MARINE, INC., Defendant

Civil No. 1986/65

District Court of the Virgin Islands

Div. of St. Croix

August 7, 1987

LEE J. ROHN, ESQ., St. Croix, V.I., *for plaintiffs*

R. ERIC MOORE, ESQ., St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

THIS MATTER is before the Court on motion of the plaintiffs for reconsideration of our order barring testimony by two expert witnesses by reason of gross failure to comply with the Magistrate's pre-trial order and Fed. R. Civ. P. 26(b)(4)(i). We conducted a hearing on the record on August 3, 1987, and then referred the matter to the Magistrate for further argument, and to make findings and recommendations. Upon receipt of the Magistrate's extensive findings and his recommendation, the Court entered its order barring the testimony.

We now write at length as to the motion for reconsideration, because it is apparent that plaintiffs' counsel is engaged in a flurry of filings largely intended to make a record for appellate review. She hopes to demonstrate that this Court engaged in an abuse of its discretion in barring testimony from two of her witnesses.

The only abuse which has occurred in this case is the gross abuse of the discovery process by plaintiffs' counsel. A brief summary of the progression of this case, though outlined in the Magistrate's recommendations, is in order:

(1) Plaintiffs filed their initial complaint on *March 24, 1986* and issue was joined by defendant's answer on *July 8, 1986.*

(2) Having been previously served with interrogatories and requests for production, plaintiffs filed a response on *November 4, 1986* stating that no decision as to expert witnesses had been made. Thus, about eight months after the case was filed, plaintiffs still claimed to have no expert witnesses.

(3) On *February 13, 1987*, by written order, we listed this case for trial during the period commencing *August 3, 1987.*

(4) As per the usual procedure in this Court, the Magistrate conducted a pretrial conference, and issued a pre-trial order on *July 10, 1987* which fixed firmly the closeout dates for exchange of discovery information, with the trial fast approaching.

(5) The pre-trial order directed supplementation of prior discovery by July 17, 1987. Thus, the plaintiffs were required to supplement their *November 4, 1986* response as to expert witnesses by this date. Such supplementation would obviously include the information required by Fed. R. Civ. P. 26(b)(4)(i).

(6) The pre-trial order also directed a final exchange of witness lists by *July 24, 1987.*

This, then, is the situation we faced in the last week of July 1987, only days before jury selection:

(1) Plaintiffs had not complied with the pre-trial order requirement that discovery be supplemented by *July 17, 1987*, in that nothing of such a nature was filed.

(2) Plaintiffs filed a witness list within the order's *July 24, 1987* date which listed several expert witnesses, but which still failed to provide the information required to be supplied by both the Magistrate and Rule 26(b)(4)(i).

(3) The defendant promptly filed a motion in limine, claiming prejudice and seeking to bar testimony from five separate experts. We granted the motion as to only two of them.

In her motion for reconsideration and effort to make a record which puts her behavior in the best light for appellate review, plaintiffs' counsel attempts to mislead us in stating certain facts, and fails to discuss certain other facts.

On page three of her memorandum, counsel states:

When plaintiffs learned of their experts, plaintiffs disclosed them, and gave a short summation as to the nature of their expected testimony.

The record of this case reflects no supplementation whatever to the November 4, 1986, responses of plaintiffs to defendant's expert witness interrogatories. At oral argument on August 3, 1987, plaintiffs' counsel conceded that she had described one proposed witness as an expert in scaffolding, and another as an economic expert. She did not provide the information required by Rule 26, and to suggest that this was done is misleading.

In her further desire to have the record reflect an abuse of discretion on the part of the Court, plaintiffs' counsel accuses us of being "unfair" and describes the sad current economic plight of plaintiffs in a calculated appeal to sympathy.

What the plaintiffs' counsel does not discuss in the memorandum seeking reconsideration is her own admission on the record that (1) her own clients failed to keep in touch with her during the course of the case, often for long periods of time; (2) she herself, having received her clients' economic records, delayed in forwarding them to an economist; and (3) she herself, at the crucial stage of this case in the summer of 1987, chose to take an extended vacation, thus leaving the case unattended for a lengthy period.

We note also that plaintiffs' counsel suggests that it was the defendant's fault that she did not identify her liability expert on scaffolding. This is apparently attributable to the delay in taking a deposition of defendant. However, it is difficult to discern how this delay affected her own preparation of her own case, understanding her own burden of proof. She knew from the outset that this was a "scaffolding" case—she did not need the defendant to tell her that.

What plaintiffs' counsel actually hopes is that by making a pleading, whining, record of appeal, an appellate court will fashion relief for her somewhat along the lines of Dunbar v. Triangle Lumber and Supply Company, 816 F.2d 126 (3d Cir. 1987). In that case, the Third Circuit went to great lengths to protect a client from the gross mishandling of a case by a lawyer. Plaintiffs' counsel begs us not to visit her sins on her clients. We note only that her clients bear a good measure of the responsibility for the situation they find themselves in, by their own failure to keep in touch and cooperate with their attorney.

What plaintiffs' counsel overlooks in addition to all else is the extreme prejudice she caused defense counsel by failing to comply with the Federal Rules of Civil Procedure and the Magistrate's pretrial order.

She finally concedes the possibility of some prejudice to the defense in the last paragraph of her memorandum supporting the motion to reconsider. Her solution to this prejudice is a continuance of the trial date. We find this to be the final act of impudence. Such a suggestion is but another attempt to manipulate the pace of discovery and the timing of the trial of this case.

If we were to grant a continuance because of the actions of plaintiffs and their counsel, we would sadly surrender what control we still have over the Court's calendar. We are already faced with an understaffed judiciary in this district, with criminal cases, multiple asbestos cases, multiple typhoid cases, and major products liability cases, all clamoring for the Court's trial time. To suggest that we simply delay the case herein for the convenience of counsel borders on insult.

■ This is not a case of excusable neglect, despite the attempt on counsel's part to describe it in such a fashion. Failure to even know who your experts will be eight months after you file a case, or even fifteen months later, or within a month of trial, is not

excusable. Failure of the plaintiffs to keep in touch with counsel and cooperate in discovery is not excusable neglect.

■ Finally, plaintiffs' counsel suggests that we are applying a different standard as to her than has been applied to other attorneys. First, on the specific issue of exclusion of experts for failure to comply with the pre-trial order, we barred a defense witness as late as March of this year on similar grounds in another case. Second, plaintiffs' counsel in the case herein, made several motions with respect to the discovery process which were favorably ruled on, and which forced the defense to promptly provide information. The issue of unfairness seems, as usual, to depend on whose ox is gored.

■ We recognize that exclusion of testimony is disfavored. Meyers v. Pennypack Woods Home Ownership Assn, 559 F.2d 894, 904–5 (3d Cir. 1977). But it is not an abuse of discretion to exclude witnesses where the allowance of their testimony would severely prejudice the adverse party in preparation of its case. That is precisely the situation here. It fits within the holding of Franklin Music v. American Broadcasting Companies, 616 F.2d 528, 539 (3d Cir. 1979).

As most counsel know, we take pre-trial orders seriously. When confronted with violations, we have fashioned relief according to the seriousness of the violation, and the impact on the opposing party. Given the enormous caseload we face in this district and the constant demands on the Court's time because of this caseload, we *must* respect and enforce the Magistrate's pre-trial orders. To do less is an invitation to chaos.

■ For the sake of our own control over our calendar and the most economic use of our time, as well as for the other reasons stated in this opinion, the motion for reconsideration will be denied.

## ORDER

THIS MATTER is before the Court on the motion of the plaintiffs for reconsideration of our order barring the testimony of two of their expert witnesses. Having filed a memorandum opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the motion of the plaintiffs for reconsideration be, and the same is hereby, DENIED.