

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-14-2005

# Ray v. Walker

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4650

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ray v. Walker" (2005). *2005 Decisions*. Paper 549.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/549

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DPS-301                                                              NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4650

FREDERICK T. RAY, III,
Appellant

v.

CAPTAIN WALKER; CAPTAIN TAYLOR; CAPTAIN WILSON;
CAPTAIN DONGHERTY; CAPTAIN GRAHAM; MAJOR REED;
DEPUTY WARDEN RUSTIN,CPL, MAJOR; LT. STEVENS;
CONSELOR DUANE; COI HESTER

_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(Civ. No. 03-cv-3093)
District Judge: Honorable John P. Fullam

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2) or Possible Summary
Action under Third Circuit LAR 27.4 and I.O.P. 10.6
July 14, 2005

BEFORE: ROTH, BARRY and SMITH, CIRCUIT JUDGES

(Filed: September 14, 2005 )
_____

OPINION
_____

PER CURIAM

Frederick Ray filed this civil rights action pro se pursuant to 42 U.S.C. § 1983 in

the United States District Court for the Eastern District of Pennsylvania, alleging due process and First Amendment violations.[1] Ray alleges that Appellees, correctional officers and prison officials at Chester County Prison, violated his constitutional rights when they transferred him to a punitive isolation cell and did not provide him with any notice prior to holding a disciplinary hearing. Ray also alleges that the conditions of confinement in the punitive isolation cell violated his rights and that, while he was in this cell, Appellees deprived him of access to religion and to the courts. Ray seeks damages and declaratory relief.

Appellees filed a motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the District Court denied. After preliminary discovery had been conducted, Ray filed a motion to compel an answer to interrogatories and production of documents, which was denied without prejudice by the District Court. Ray filed no subsequent discovery motions. Appellees moved for summary judgment, attaching prison records and Ray's deposition in support of their argument that there were no issues of material fact because the allegations in Ray's complaint were unsupported by any evidence. Ray filed a motion for a thirty day enlargement of time in which to respond, which the District Court granted, thereby extending the response deadline to November 8,

---

[1]As the parties are familiar with the facts, we recite them here only as necessary to our discussion. We note that the District Court consolidated this case with two other cases brought by Ray, Ray v. Cell Extraction Unit (7), Civ. No. 03-873, and Ray v. Brooks, Civ. No. 03-1050.

2004. Ray did not file a response to the summary judgment motion. In an order entered November 30, 2004, the District Court granted summary judgment in favor of Appellees, noting that there was no evidence in the record supporting Ray's allegations that Appellees had denied him access to religion or the courts or had violated his constitutional rights. On the same day that the District Court issued its summary judgment order, Ray filed a motion pursuant to Federal Rule of Civil Procedure 56(f) for a continuance in order to conduct further discovery. The District Court denied this motion as moot on December 7, 2004. Ray appeals from the District Court's order granting summary judgment.

The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment *de novo*, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is appropriately granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A party opposing a summary judgment motion cannot rest upon the "mere allegations or denials of the adverse party's pleading" but must respond with affidavits or depositions setting forth "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). As the District Court noted, Appellees supported their summary judgment motion with

3

prison records and Ray's deposition. Ray was allowed discovery, yet filed no response to the summary judgment motion. On the record before the District Court, Appellees were entitled to judgment as a matter of law. We find no abuse of discretion in the District Court's denial of Ray's discovery motion. See In re Fine Paper Antitrust Litigation, 685 F.2d 810, 817-18 (3d Cir. 1982).

We recognize that Ray filed a motion for a continuance under Federal Rule of Civil Procedure 56(f), asserting a need for further discovery. Ray's motion was received by the Clerk of the District Court on November 29, 2004, the same day that the District Court issued its summary judgment order and twenty-one days after the thirty day extension of time had expired.[2] While there is no fixed time limit for filing a Rule 56(f) motion, under these circumstances, Ray's motion was not filed within a reasonable time, and the District Court had no reason to defer acting on Appellees' motion.[3] See Resolution Trust Corp. v. North Bridge Assocs., Inc., 22 F.3d 1198, 1204 (1st Cir. 1994); see also Ashton-Tate Corp. v. Ross, 916 F.2d 516, 520 (9th Cir. 1990).

For the foregoing reasons, we will affirm the order of the District Court granting summary judgment to Appellees.

---

[2]We do not review the order denying the Rule 56(f) motion, as it was not appealed. See Union Pacific Railroad Company v. Greentree Transp. Trucking Co., 293 F.3d 120, 125-26 (3d Cir. 2002).

[3]It does not appear from the record that the District Judge had Ray's Rule 56(f) motion before him when he was deciding the Defendants' summary judgment motion.

4