# United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued February 3, 2006          Decided March 17, 2006

No. 04-5426

DOROTHY CHAPPELL-JOHNSON,
APPELLANT

v.

DONALD E. POWELL, CHAIRMAN, FEDERAL DEPOSIT
INSURANCE CORPORATION,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 03cv01557)

*David H. Shapiro* argued the cause for appellant. With him on the briefs was *Richard L. Swick*.

*Alan Burch*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Kenneth L. Wainstein*, U.S. Attorney, and *Michael J. Ryan*, Assistant U.S. Attorney. *Jaclyn C. Taner*, Counsel, Federal Deposit Insurance Corporation, and *R. Craig Lawrence*, Assistant U.S. Attorney, entered appearances.

Before: SENTELLE, HENDERSON, and TATEL, *Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* TATEL.

TATEL, *Circuit Judge*: Appellant, an African American woman in her fifties, claims that her employer facilitated promotions for non-African American and younger employees, but not for her. Because the position to which appellant sought to be promoted was never filled, the district court, allowing appellant no opportunity for discovery, concluded that she had failed to meet her prima facie burden and granted summary judgment to the employer. But given the flexible nature of the prima facie burden, appellant may, depending upon what she uncovers during discovery, be able to prevail even if the employer never filled the position she sought. We therefore reverse and remand with instructions to permit appellant to conduct the discovery she seeks.

## I.

Dorothy Chappell-Johnson, an African American woman who was fifty-four years old at the time of the events at issue here, works at the Federal Deposit Insurance Corporation (FDIC). Dissatisfied with her promotion opportunities, she filed a complaint in the U.S. District Court for the District of Columbia, alleging, among other things, that the FDIC discriminated against her on the basis of race in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16(a), and age in violation of the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633a(a).

According to the complaint, Chappell-Johnson held a "grade CG-11" position until, following a reorganization, her grade was reduced to CG-9. She then became interested in a vacancy announcement for a CG-13 position in her unit, but as a CG-9 was ineligible to compete for it. Her complaint's core factual allegation is as follows:

> Although in the past Ms. Chappell-Johnson's supervisor, Lois Cheney (a white female) . . . had reduced the grade of vacant positions to permit lower grade employees to compete for them—a practice which benefitted these younger, non-African American employees—Ms. Cheney and the FDIC management refused to lower the target grade of [this particular] CG-13 position . . . .

Compl. ¶ 7. Accordingly, her complaint alleges,

> [b]y not allowing Ms. Chappell-Johnson to compete for the Personnel Management Specialist position in her field and in her own assigned unit at the FDIC, as had been done in the past for non-African American employees, defendant has discriminated against plaintiff on the basis of her race (black) in violation of Title VII.

*Id.* ¶ 10. The complaint makes a similar allegation of age discrimination. *Id.* ¶ 13.

Instead of answering the complaint, the FDIC moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, in the alternative, for summary judgment pursuant to Rule 56(b). In particular, the FDIC argued that Chappell-Johnson's discrimination claim "must fail for the simple reason that the position was never filled." Def.'s Mem. in Supp. of Def.'s Mot. to Dismiss, or in the Alternative, for Summ. J. 5. In response, Chappell-Johnson moved for additional discovery under Federal Rule of Civil Procedure 56(f), which provides:

> Should it appear from the affidavits of a party opposing the [summary judgment] motion that the party cannot for reasons stated present by affidavit facts essential to

> justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). In a declaration supporting Chappell-Johnson's motion, her attorney represented to the district court that discovery would reveal, among other things, "[t]he process by which grade levels are determined for vacant positions," Shapiro Decl. 2, and "[t]he reason(s) why [the] vacancy . . . was not filled," *id.* at 4.

The district court denied the FDIC's motion to dismiss. *Chappell-Johnson v. Powell*, No. 03-1557, slip op. at 5 (D.D.C. Sept. 30, 2004). "In the employment discrimination context," the court reasoned, "all a complaint need state is 'I was turned down for a job because of my race.'" *Id.* (quoting *Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1115 (D.C. Cir. 2000)). Because Chappell-Johnson made "essentially that statement in her race and age discrimination claims," the court concluded that "it is clear that plaintiff has stated a claim for which relief can be granted under Title VII and the ADEA." *Id.*

The district court reached a different conclusion with respect to the FDIC's motion for summary judgment. Acknowledging that Chappell-Johnson "argues that consideration of summary judgment is premature, given that no discovery has yet occurred," the court nonetheless concluded that she had "pled herself out of court as to all her claims." *Id.* at 7. In particular, the district court credited the FDIC's argument that because Chappell-Johnson did not contest the FDIC's assertion that the position she sought was never filled, her claim necessarily failed. "If the position was not filled by

someone younger or of a different race," the court continued, "she has not suffered an actionable injury." *Id.* at 8.

Chappell-Johnson now appeals. We review the district court's grant of summary judgment de novo. *Salazar v. Wash. Metro. Area Transit Auth.*, 401 F.3d 504, 507 (D.C. Cir. 2005). Although we review the denial of a Rule 56(f) motion for abuse of discretion, *Paquin v. Fed. Nat'l Mortgage Ass'n*, 119 F.3d 23, 28 (D.C. Cir. 1997), here Chappell-Johnson argues that the district court's denial of her Rule 56(f) motion rested on an error of law. Thus, "[l]ittle turns . . . on whether we label review of this particular question abuse of discretion or *de novo*," for "[a] district court by definition abuses its discretion when it makes an error of law." *Koon v. United States*, 518 U.S. 81, 100 (1996).

## II.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), the Supreme Court set out a burden-shifting approach to employment discrimination claims in cases where the plaintiff lacks direct evidence of discrimination. To proceed under *McDonnell Douglas*, the plaintiff "must carry the initial burden under the statute of establishing a prima facie case of racial discrimination." *Id.* at 802. If the plaintiff meets this burden, "[t]he burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason" for its action. *Id.* If the employer succeeds, then the plaintiff must "be afforded a fair opportunity to show that [the employer's] stated reason . . . was in fact pretext" for unlawful discrimination. *Id.* at 804. The *McDonnell Douglas* framework applies to both Title VII and ADEA claims. *Carter v. George Washington Univ.*, 387 F.3d 872, 878 (D.C. Cir. 2004).

"[E]stablishing a prima facie case," the *McDonnell Douglas* Court explained,

> may be done by showing (i) that [the plaintiff] belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.

*McDonnell Douglas*, 411 U.S. at 802. In setting forth these requirements, however, the Supreme Court emphasized that "[t]he facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required . . . is not necessarily applicable in every respect to differing factual situations." *Id.* n.13. In a similar vein, the Court has made clear that "[t]he burden of establishing a prima facie case of disparate treatment is not onerous," *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981), and that "the precise requirements of a prima facie case can vary depending on the context and were 'never intended to be rigid, mechanized, or ritualistic,'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quoting *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 577 (1978)).

Given the Supreme Court's emphasis on flexibility, we have adopted a more general version of the prima facie case requirement: "the plaintiff must establish that (1) she is a member of a protected class; (2) she suffered an adverse employment action; and (3) the unfavorable action gives rise to an inference of discrimination." *Brown v. Brody*, 199 F.3d 446, 452 (D.C. Cir. 1999). To be sure, as the FDIC points out, we explained in *Teneyck v. Omni Shoreham Hotel*, 365 F.3d 1139,

1150 (D.C. Cir. 2004), that in "typical failure-to-hire cases" we apply the original *McDonnell Douglas* formulation, requiring plaintiffs to show that the position remained open and that the employer continued to seek applicants from persons of complainant's qualifications. It bears noting, however, that even in failure-to-hire cases we impose no requirement that the employer filled the sought-after position with a person outside the plaintiff's protected class. *Stella v. Mineta*, 284 F.3d 135, 145 (D.C. Cir. 2002).

Here, Chappell-Johnson does not attempt to show that the position remained open and that the employer continued to seek applicants (the *McDonnell Douglas* formulation). Rather, she attempts to demonstrate that the FDIC denied her an opportunity for advancement that it gave to non-African American and younger employees, namely, the opportunity to compete for a vacant position with a grade for which she would otherwise be ineligible. This is a perfectly acceptable way to try to satisfy her prima facie burden, which, under *Brown*, she may do by producing any evidence that gives rise to an "inference of discrimination" (along with evidence sufficient to satisfy *Brown*'s other two elements, *see infra* pp. 8-9). *Brown*, 199 F.3d at 452; *cf. Holbrook v. Reno*, 196 F.3d 255, 261 (D.C. Cir. 1999) (stating burden as requirement to show "that she and [a] similarly situated person were treated disparately"); *Bundy v. Jackson*, 641 F.2d 934, 951 (D.C. Cir. 1981) (stating, in failure-to-promote case, that plaintiff meets burden if she shows "that other employees of similar qualifications who were not members of the protected group were indeed promoted at the time the plaintiff's request for promotion was denied").

Moreover, holding Chappell-Johnson to a particular method of raising an "inference of discrimination" is especially inappropriate at this stage of the litigation. As the Supreme Court has explained, "[b]efore discovery has unearthed relevant

facts and evidence, it may be difficult to define the precise formulation of the required prima facie case in a particular case." *Swierkiewicz*, 534 U.S. at 512; *see also Americable Int'l, Inc. v. Dep't of Navy*, 129 F.3d 1271, 1274 (D.C. Cir. 1997) ("[S]ummary judgment ordinarily is proper only after the plaintiff has been given adequate time for discovery." (internal quotation marks omitted)). Indeed, as the Court also pointed out, discovery may even uncover direct evidence of discrimination, thus entirely eliminating the need to prove a prima facie case. *See Swierkiewicz*, 534 U.S. at 511 (noting, in rejecting a requirement that plaintiffs include all elements of a prima facie case in their pleadings, that "if a plaintiff is able to produce direct evidence of discrimination, he may prevail without proving all the elements of a prima facie case").

In short, because Chappell-Johnson's counsel's declaration pointed to the types of evidence that might raise an inference of discrimination—evidence regarding the FDIC's process for determining the qualifications for this vacancy as compared to the process for other vacancies, as well as evidence regarding why this vacancy was never filled—and because we may not impose a prima facie case requirement in a "rigid, mechanized, or ritualistic" way, *id.* at 512 (internal quotation marks omitted), Chappell-Johnson is entitled to the discovery she seeks.

### III.

The FDIC raises two additional arguments. First, it objects to Chappell-Johnson's attempt to compare herself to non-African American and younger employees for whom the agency lowered job qualifications, arguing that these other employees were not "similarly situated" to Chappell-Johnson either because they sought positions different from the one she sought or because they had different qualifications. Second, relying on the well-accepted principle that a Title VII plaintiff must show that she has suffered "materially adverse consequences affecting

9

the terms, conditions, or privileges of her employment or her future employment opportunities such that a reasonable trier of fact could conclude that [she] has suffered objectively tangible harm," *Brown*, 199 F.3d at 457, the FDIC insists that its refusal to change the qualifications for the job Chappell-Johnson sought is not sufficiently adverse to be actionable. Because the FDIC raised neither argument in the district court, however, we will not consider them. *See Flynn v. Comm'r*, 269 F.3d 1064, 1068-69 (D.C. Cir. 2001) ("Generally, an argument not made in the lower tribunal is deemed forfeited and will not be entertained absent exceptional circumstances." (internal quotation marks omitted)). Of course, if the FDIC properly raises these arguments on remand, the district court remains free to consider them.

We reverse the district court's grant of summary judgment and remand for further proceedings consistent with this opinion.

*So ordered.*