# United States Court of Appeals

**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

Argued October 2, 2007   Decided November 16, 2007

No. 06-5167

LEONARD E. DUNNING,
APPELLANT

v.

PAUL A. QUANDER, DIRECTOR, COURT SERVICES AND
OFFENDER SUPERVISION AGENCY,
APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 03cv01980)

*David A. Branch* argued the cause and filed the brief for appellant.

*Beverly M. Russell*, Assistant U.S. Attorney, argued the cause for appellee. With her on the brief were *Jeffrey A. Taylor*, U.S. Attorney, and *R. Craig Lawrence*, Assistant U.S. Attorney.

Before: SENTELLE and TATEL, *Circuit Judges,* and WILLIAMS, *Senior Circuit Judge*.

Opinion for the Court filed PER CURIAM.

PER CURIAM:   In this employment discrimination case, appellant Leonard E. Dunning claims that the Court Services and Offender Supervision Agency discriminated against him on the basis of age and retaliated against him for filing an age discrimination complaint.   Specifically, he claims that the Agency denied him a community supervision officer position because he was older than the position's stated age limit of thirty-seven.   While admitting that he exceeds the age limit, Dunning disputes its applicability.   He also claims that after he filed an administrative age discrimination complaint, the Agency retaliated by denying him a lead drug-testing technician position.   The Agency subsequently denied him a second lead drug-testing technician position, which Dunning claims was also based on age and in retaliation for his complaint.

The Agency moved for summary judgment supported by nine affidavits, including several from Agency officials involved in the selection process.   Responding to the Agency's motion, Dunning submitted no affidavits of his own.   Instead, he filed a motion under Federal Rule of Civil Procedure 56(f), pursuant to which courts may allow discovery "[s]hould it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition."   FED. R. CIV. P. 56(f).   In his Rule 56(f) affidavit, Dunning claimed that in order to oppose the Agency's motion for summary judgment, he needed to (1) "obtain[] written discovery and tak[e] depositions of the deciding officials," and (2) "obtain discovery on the selection" of one of the lead drug-testing technician positions.   The district court denied the Rule 56(f) motion, explaining that Dunning had failed to "state with sufficient particularity why he could not, absent discovery, present by affidavit facts essential to justify his opposition." *Dunning v. Quander*, 468 F. Supp. 2d 23, 28 n.5 (D.D.C. 2006).

The court then granted summary judgment in favor of the Agency.

On appeal, Dunning challenges both rulings. We review the district court's denial of the Rule 56(f) motion for abuse of discretion and its grant of summary judgment de novo. *Khan v. Parsons Global Servs., Ltd.*, 428 F.3d 1079, 1082 (D.C. Cir. 2005).

As to the Rule 56(f) motion, Dunning relies on *Chappell-Johnson v. Powell*, 440 F.3d 484 (D.C. Cir. 2006), in which we reversed the denial of a Rule 56(f) motion in an employment discrimination case. There, the district court had denied the Rule 56(f) motion because it believed that plaintiff had to establish that someone outside her protected class ultimately filled the contested position. Given that she failed to allege that the position had been filled, the court found that the plaintiff would be unable to prevail as a matter of law regardless of what discovery might reveal. Finding this legally erroneous, we explained that to establish a prima facie case a plaintiff need not show "that the employer filled the sought-after position with a person outside the plaintiff's protected class." *Id.* at 488. Because a district court "abuses its discretion when it makes an error of law," we reversed the denial of the Rule 56(f) motion. *Id.* at 487 (quoting *Koon v. United States*, 518 U.S. 81, 100 (1996)). In this case, Dunning points to no legal error by the district court. Instead, he asserts only that he needs discovery to respond to the Agency's motion for summary judgment.

This issue is therefore controlled by *Strang v. U.S. Arms Control & Disarmament Agency*, 864 F.2d 859 (D.C. Cir. 1989), in which we found no abuse of discretion in the denial of a Rule 56(f) motion because the plaintiff had failed to provide reasons "why discovery was necessary." *Id.* at 861. "Without some reason to question the veracity of affiants," we explained,

"[plaintiff]'s desire to 'test and elaborate' affiants' testimony falls short; her plea is too vague to *require* the district court to defer or deny dispositive action." *Id.*

Dunning has likewise failed to provide any persuasive reason for needing discovery. He argues that discovery is necessary "to determine if there was a legitimate reason for [the Agency affiant's] alleged concerns" about Dunning that disqualified him from these positions, but he gives no reason for questioning those affiants. Appellant's Opening Br. 15. Instead, Dunning seeks to rebut the Agency's assertion that he was denied the positions because of his "honesty and veracity," "conduct towards management," and "behavior that did not make him well suited for a leadership position." But as we said in *Strang,* "[w]ithout some reason to question the veracity of affiants, [plaintiff]'s desire to 'test and elaborate' affiants' testimony falls short." 864 F.2d at 861.

Dunning also argues that he needs discovery regarding his claim that he was denied the community supervision officer position because of his age. In his Rule 56(f) affidavit, however, Dunning never mentioned the community supervision officer position; he asked only about the two lead drug-testing technician positions. At oral argument, Dunning's counsel pointed to a statement in his memorandum in opposition to the summary judgment motion before the district court that refers to the community supervision officer position. In that memorandum, Dunning stated that he "ha[d] not had an opportunity, through discovery, to gather sufficient information on the policy and practice of the agency on restricting applicants based on their age." Even if this statement, made outside the Rule 56(f) affidavit, was sufficient to present the issue to the district court, we think the court acted within its discretion in denying discovery. Exactly why Dunning needs discovery on the Agency's age restriction policy is unclear. Although he

claims he needs it to challenge the very existence of the age restriction policy, the Agency's vacancy announcement for the community supervision officer position expressly included the age limit, and federal law authorizes the use of age limits for law enforcement positions. 5 U.S.C. § 3307(d); *Stewart v. Smith*, 673 F.2d 485, 493-94 (D.C. Cir. 1982) (noting that Congress intended to give agencies flexibility to set maximum age limits for law enforcement positions).

At oral argument, Dunning's counsel said discovery on the policy was needed to show that despite exceeding the age limit, Dunning should have been grandfathered into the position because he was already in a law enforcement position at the time he applied. In an affidavit, however, the Agency's deputy associate director of human resources explained that while applicants had been grandfathered in when their current positions were converted to federal law enforcement positions, an applicant could not be grandfathered into a new law enforcement position without satisfying the age requirement. Because Dunning offers no reason to "question the veracity of [this] affiant[]," no further discovery is required. *Strang*, 864 F.2d at 861.

Finally, Dunning says he needs discovery on the age policy to challenge the Agency's need or justification for the age restriction generally. But Dunning never raised this issue in the district court, so it is waived. *See Jankovic v. Int'l Crisis Group*, 494 F.3d 1080, 1086 (D.C. Cir. 2007) (finding an issue waived because party failed to raise it before district court).

Because the district court acted within its discretion in denying Dunning's Rule 56(f) request, we are left with nothing more than the Agency's uncontested motion for summary judgment. Summary judgment is proper where the evidence is

"so one-sided that one party must prevail as a matter of law." *Twist v. Meese*, 854 F.2d 1421, 1428 (D.C. Cir. 1988) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). Because the Agency's affidavits support summary judgment, we affirm.

*So ordered.*