[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 16, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-15088
Non-Argument Calendar

_____

D. C. Docket No. 07-00082-CV-5-MCR-MD

ENRIQUE ACOSTA,

Plaintiff-Appellant,

versus

HARRELL WATTS,
Administrator of National Inmate Appeals,
UNKNOWN NAMED PERSONNEL OF THE OFFICE OF MEDICAL
DESIGNATION AND TRANSPORTATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

**(June 16, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Enrique Acosta appeals pro se both the dismissal sua sponte of his complaint that Administrator Harrell Watts of the Bureau of Prisons and unknown personnel of the Office of Medical Designation and Transportation violated his civil rights under the Eighth Amendment and the denial of his request for appointment of counsel. 28 U.S.C. § 1915(e)(2)(B)(ii). We affirm in part, reverse in part, and remand.

## I. BACKGROUND

Acosta was involved in a car accident that caused a deformity in his elbow. Later, while Acosta was incarcerated, the injury worsened. The prison medical staff examined Acosta and provided medication to alleviate the pain. Acosta later filed a petition for "informal resolution" in which he alleged that several doctors had recommended surgery for his elbow. The medical staff referred Acosta for examination by an orthopedic surgeon, upon approval by a prison review board.

After several months passed, Acosta filed a petition with Warden Scott Middlebrooks that alleged that Acosta was in "intense pain" and repeated his request for surgical treatment. Warden Middlebrooks requested the Bureau of Prisons approve the surgery. Acosta later filed an administrative appeal with the regional director of the Bureau of Prisons and requested surgery. The regional director responded that Acosta's request was under review.

A panel comprised of the Regional Utilization Review Committee, Regional Health Systems Administrator, and Regional Medical Director reviewed Acosta's medical file and ruled that the deformity in Acosta's arm "require[d] extensive surgery" and rehabilitation.  The panel found that treatment should be provided at a federal medical center and forwarded a request for Acosta's transfer to the Office of Medical Designation.  When Acosta did not receive a response from the Office of Medical Designation, he filed another administrative appeal.

The Office of Medical Designation reviewed "[r]elevant portions of [Acosta's] medical record . . . which reveal[ed] [that he] suffer[ed] from right arm degenerative joint disease."  The entity "determined [that Acosta's] condition [could] be managed conservatively" and denied the request made by the regional medical panel to transfer Acosta to a federal medical center for surgery.  Harrell Watts, Administrator of National Inmate Appeals, denied Acosta's appeal based on the decision of the Office of Medical Designation.

Acosta filed an amended complaint under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999 (1971), against Watts and unknown named personnel of the Office of Medical Designation.  Acosta alleged that he was "suffering from an extr[e]mely painful and severe injury/deformation" to his elbow that "require[d]" surgery and the "den[ial]" of

3

and "interferen[ce]" with that medical care by Watts and unnamed personnel of the Office of Medical Designation violated his rights under the Eighth Amendment. Acosta alleged that the denial of surgery in spite of his persistent pain and the "progressive deteriorating" of his arm constituted deliberate indifference to his medical needs.

A magistrate judge concluded that Acosta failed to state a constitutional claim and recommended that the district court dismiss Acosta's complaint. 28 U.S.C. § 1915(e)(2)(B)(ii). Acosta moved for appointment of counsel and objected to the recommendation. The district court adopted the recommendation of the magistrate judge and denied Acosta's request for counsel as moot.

## II. STANDARD OF REVIEW

We review de novo a dismissal for failure to state a claim. Hughes v. Lott, 350 F.3d 1157, 1159–60 (11th Cir. 2003). We construe liberally pro se pleadings, Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006), accept allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. Chesser v. Sparks, 248 F.3d 1117, 1121 (11th Cir. 2001). We review the denial of a motion for appointment of counsel for abuse of discretion. Bass v. Perrin, 170 F.3d 1312, 1319 (11th Cir. 1999).

**III. DISCUSSION**

Acosta challenges the dismissal of his complaint on two grounds. First, Acosta argues that his complaint stated a claim of deliberate indifference. Second, he argues that the denial of his request for appointment of counsel was erroneous. We address each issue in turn.

*A. Acosta Alleged a Claim of Deliberate Indifference*
*Against Unknown Personnel of the Office of Medical Designation,*
*But Not Against Watts.*

The district court erred by dismissing Acosta's complaint for failure to state a claim. "The threshold of sufficiency that a complaint must meet to survive a motion to dismiss for failure to state a claim is . . . 'exceedingly low.'" Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985) (quoting Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev., 711 F.2d 989, 995 (11th Cir. 1983)). To dismiss, it must "appear[] to a certainty, 'that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. (quoting Milburn v. United States, 734 F.2d 762, 765 (11th Cir. 1984)).

To establish a claim of deliberate indifference under the Eighth Amendment, an inmate must allege that officials have made an "omission[] sufficiently harmful to evidence deliberate indifference to [the inmate's] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). The inmate "must

5

satisfy both an objective and a subjective inquiry." Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). First, the inmate must allege that he has been diagnosed with or obviously exhibits an objectively serious medical need that, if not treated, "pos[es] a substantial risk of serious harm." Id. (quoting Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks omitted)). Second, the inmate must allege that the medical condition requires treatment that a prison official has chosen to disregard. Id. at 1245.

Acosta's amended complaint fails to allege sufficient facts to state a claim of deliberate indifference against Watts. Acosta alleged that Watts denied Acosta an administrative appeal and request for surgery. The ruling by Watts establishes that he denied Acosta's appeal based on a clinical determination by the Office of Medical Designation that Acosta did not require surgery. Watts cannot be held liable for a constitutional tort when his administrative decision was grounded in a decision made by medical personnel. See Howell v. Evans, 922 F.2d 712, 723 ("We do not dispute [the] right to rely on medical professionals for clinical determinations."), vacated by settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by order, 12 F.3d 190 n.* (11th Cir. 1994); see also Dolihite v. Maughon ex rel. Videon, 74 F.3d 1027, 1054–55 (11th Cir. 1996) (awarding director of adolescent center summary judgment on section 1983 due process complaint when director

could "reasonably rely on" judgment of medical personnel to secure suicidal youth's surroundings). We affirm the dismissal of Acosta's complaint against Watts.

Acosta's complaint alleges sufficient facts to state a claim of deliberate indifference against unknown named personnel in the Office of Medical Designation. See Bivens, 403 U.S. at 397, 91 S. Ct. at 2005 (recognizing an action for damages against unknown federal agents for the violation of constitutional rights). Acosta alleged that he had a serious medical need and attached to his complaint the ruling by regional medical experts that the deformity to his arm "require[d] extensive surgery and post surgical rehabilitation." Acosta also alleged that his continued "conservative treatment" with painkillers had led to his arm "dramatically shrinking day by day." Acosta complained that, despite knowledge by unnamed personnel in the Office of Medical Designation that he "suffer[ed] from right arm degenerative joint disease," they disregarded the opinions of the regional medical experts and directed that Acosta "continue to [receive] . . . conservative treatment." Acosta argued, in effect, that this level of medical care was "so cursory as to amount to no treatment at all," and was sufficient to establish a claim of deliberate indifference. Ancata, 769 F.2d at 704; see also McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (decisions to take an "easier but less

7

efficacious course of treatment" and to provide medical care that is "so cursory as to amount to no treatment at all" are actionable as deliberate indifference). We reverse the dismissal of Acosta's complaint against the unnamed personnel of the Office of Medical Designation.

## B. Acosta's Request for Counsel Was Moot.

The district court did not err by denying Acosta's motion for appointment of counsel. When Acosta filed his motion, the district court had already dismissed Acosta's complaint, which rendered the need for counsel moot. See Connell v. Bowen, 797 F.2d 927, 929 (11th Cir. 1986). On remand, the district court should decide whether exceptional circumstances exist to warrant the appointment of counsel.

## IV. CONCLUSION

The dismissal of Acosta's complaint is **AFFIRMED** in part, **REVERSED** in part, and **REMANDED** for further proceedings.

**AFFIRMED** in part, **REVERSED** in part, and **REMANDED**.