Enrique ACOSTA, Appellant

v.

Michael G. NELSON, Doctor, and Betsy Hernandez–Ricoff, Doctor, Appellees.

No. 12–5173.

United States Court of Appeals, District of Columbia Circuit.

June 3, 2014.

Enrique Acosta, Coleman, FL, pro se.

Warden, Coleman, FL, for Appellant.

Judith A. Kidwell, R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S. At-

torney's Office, Washington, DC, for Appellees.

Before: GARLAND, Chief Judge, and SRINIVASAN and MILLETT, Circuit Judges.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia, on the briefs filed by the parties and by *amica curiae,* who was appointed by this court to present arguments in support of appellant Enrique Acosta, and on the oral arguments of counsel for appellee and *amica curiae.*[1] The court has afforded the issues presented full consideration and has determined that they do not warrant a published opinion. *See* FED. R.APP. P. 36; D.C.CIR. R. 36(d). For the reasons stated below, it is

**ORDERED AND ADJUDGED** that the district court's order and judgment entered April 24, 2012, be affirmed.

Plaintiff-appellant Enrique Acosta, a federal prisoner, suffers from a degenerative elbow injury sustained in a car accident prior to his incarceration. Complaining of significant pain and restricted movement, Acosta has repeatedly sought reparative surgery from the Bureau of Prisons. In July 2006, a regional Bureau of Prisons doctor indicated that a medical transfer for further evaluation and treatment would be appropriate, but the defendant prison officials, Dr. Michael Nelson and Dr. Betzy Hernandez–Ricoff, denied the transfer request, continuing Acosta's "conservative treatment" of painkillers instead. Acosta subsequently filed suit claiming that the prison officials' denial of reparative surgery violated the Eighth Amendment to the U.S. Constitution. The district court granted summary judgment for the prison officials, and we affirm.

The dispositive question is whether Acosta has come forth with evidence of a disputed question of material fact concerning whether either defendant acted with " 'deliberate indifference' to a substantial risk of serious harm" in denying him surgery. *See Farmer v. Brennan,* 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); *see also Farmer v. Moritsugu,* 163 F.3d 610, 614 (D.C.Cir.1998). Under that standard, "a prison official cannot be found liable * * * unless the official knows of and disregards an excessive risk to inmate health or safety," and, more specifically, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan,* 511 U.S. at 837, 114 S.Ct. 1970. In applying that test, we review the record in the light most favorable to Acosta, *Jones v. Bernanke,* 557 F.3d 670, 674 (D.C.Cir.2009), having ensured that Acosta, as a prisoner proceeding *pro se,* was provided with adequate notice below of the consequences of failing to respond with evidence to the factual assertions made by the defendants in seeking summary judgment, *Neal v. Kelly,* 963 F.2d 453, 456–457 (D.C.Cir. 1992).

Even under that generous standard of review, a reasonable jury could find, at most, that the prison officials acted with negligence, which is insufficient to establish an Eighth Amendment violation. *See Wilson v. Seiter,* 501 U.S. 294, 305, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Dr. Nelson, the first defendant to consider Acosta's request for a medical transfer to obtain surgery, denied the request based

---

1. Rena Andoh was appointed by this court to serve as amica curiae in support of appellant. She has ably discharged her duties, and the court appreciates her service.

on the information before him, but then asked for additional information documenting whether Acosta's condition warranted such treatment. Dr. Nelson had nothing more to do with Acosta's treatment request, and his mere request for additional, relevant information could not reasonably be determined to constitute deliberate indifference.

Dr. Hernandez–Ricoff, who subsequently considered Acosta's transfer request, denied it after reviewing the newly provided information that showed that Acosta's condition was stable—no material change in his range of motion had occurred—and that the disability did not prevent Acosta from performing necessary daily activities. To be sure, in his opposition to summary judgment, Acosta asserted that, in fact, his elbow condition impedes a number of routine activities. But what is critical here is that nothing in the record shows that either defendant knew of those functional limitations in making his or her decision, let alone that he or she knew of and disregarded "an excessive risk" to the plaintiff's health or safety. *Farmer v. Brennan*, 511 U.S. at 837, 114 S.Ct. 1970. Accordingly, the factual record does not give rise to a disputed question of material fact as to whether either defendant denied the surgery with deliberate indifference to Acosta's physical well-being.

Neither is there any material question of fact on this record as to whether Dr. Nelson and Dr. Hernandez–Ricoff acted within their authority in denying Acosta's medical transfer request. The relevant Bureau of Prisons Program Statement, numbered P6270.01, explicitly gave them the authority to consider, *inter alia*, "[u]rgency of need" and "Bureau institution capabilities" in denying the transfer request. *Id.* at ¶ 1, *reprinted in* Appellee's Br., Add. 1.

Acosta and the *amica curiae* raise three procedural objections to the grant of summary judgment, all of which are foreclosed. First, they argue that law of the case precludes summary judgment because, at an earlier stage in the case, the Eleventh Circuit ruled that Acosta's complaint could not be dismissed for failure to state a claim. *See Acosta v. Watts*, 281 Fed.Appx. 906, 909 (11th Cir.2008). However, because summary judgment is a distinct procedural posture, with the burden on Acosta to come forward with some evidence substantiating the claims asserted in his complaint, *see Potter v. District of Columbia*, 558 F.3d 542, 547 (D.C.Cir.2009), and because the summary judgment record before the district court differed materially from the complaint, law of the case does not apply. The district court was not deciding the "*same* issue" as the Eleventh Circuit. *LaShawn A. v. Barry*, 87 F.3d 1389, 1393 (D.C.Cir.1996) (en banc); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2713 (3d ed. 1998) ("The ruling on a motion to dismiss for failure to state a claim for relief is addressed solely to the sufficiency of the complaint and does not prevent summary judgment from subsequently being granted based on material outside the complaint.").

Second, they argue that additional discovery was needed before summary judgment could be decided. But the district court afforded Acosta all of the notice required to be given to *pro se* plaintiffs, specifically alerting Acosta to the effect of a motion for summary judgment and the consequences of his failure to respond. *See Neal*, 963 F.2d at 456. Because Acosta nevertheless did not make any showing that could even be liberally construed as a request for additional discovery, he cannot now complain that more discovery was needed. *See* FED.R.CIV.P. 56(d); *Cannon*

*v. District of Columbia*, 717 F.3d 200, 208 (D.C.Cir.2013).

Third, because the government expressly moved for summary judgment in the alternative and because Acosta was given full notice that summary judgment would be decided, no improper conversion of a motion to dismiss into a motion for summary judgment occurred. *See Colbert v. Potter*, 471 F.3d 158, 167–168 (D.C.Cir. 2006).[2]

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.CIR. R. 41.

---

**2.** Because summary judgment was properly granted for Acosta's failure to support his deliberate indifference claim, we need not decide whether Acosta sufficiently raised a question of material fact as to the severity of

his medical condition, whether defendants are entitled to qualified immunity, or whether Acosta could have obtained injunctive relief in addition to or in lieu of money damages.