James D. MOSES, For himself and all others similarly situated, Appellant

v.

Gene DODARO, Comptroller General of the United States GAO, Appellee

No. 12-5199
September Term, 2016

United States Court of Appeals, District of Columbia Circuit.

Filed On: April 25, 2017

Walter T. Charlton, Esquire, Walter T. Charlton & Associates, Washington, DC, for Plaintiff-Appellant

Brian J. Field, Attorney, R. Craig Lawrence, Peter Rolf Maier, U.S. Attorney's Office, (USA) Civil Division, Washington, DC, for Defendant-Appellee

Before: Rogers and Griffith, Circuit Judges, and Sentelle, Senior Circuit Judge.

## JUDGMENT

Per Curiam

This appeal was considered upon the briefs of the parties and the record from the United States District Court for the District of Columbia. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. RULE 34(j). The Court has accorded the issues full consideration and has determined that they do not warrant a published opinion. *See* D.C. CIR. RULE 36(d). It is

ORDERED AND ADJUDGED that the district court's grants of summary judg-ment and denial of appellant's motions be affirmed for the reasons more fully set out in the memorandum filed simultaneously herewith.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-hearing or petition for rehearing en banc. *See* Fed. R. App. P. 41(b); D.C. Cir. Rule 41.

## MEMORANDUM

Appellant James Moses ("Appellant" or "Moses") alleges that the Government Accountability Office ("GAO") discriminated against him and other employees on the basis of age. *Moses v. Dodaro*, 774 F.Supp.2d 206, 208 (D.D.C. 2011) ("*Moses I*"). GAO uses bands to classify its employ-ees and pay ranges, and Moses served as a Band II analyst. *Id.* Band II underwent restructuring in 2005 and resulted in Band IIB, which has greater leadership roles and responsibilities as well as potentially higher compensation, and Band IIA, which was for all remaining Band II employees. *Id.* Moses's initial application to be placed in Band IIB was denied. *Id.* He alleges that the Band II restructuring discrimi-nated based on age, while GAO claims that the restructuring created a performance-oriented and market-commensurate pay-ment system. *Id.* at 208-09; *see also Moses v. Dodaro*, 840 F.Supp.2d 281, 283-84 (D.D.C. 2012) ("*Moses II*").

A prior order allowed Moses to pursue: "(1) an allegation that plaintiff and others were discriminatorily denied increases in cost of living allowances [ ("COLA") ] ordi-narily provided to GAO employees, and (2) an allegation that the GAO discriminatorily split the 'Band II' employee pay classifica-tion into two separate categories." *Moses I*, 774 F.Supp.2d at 208 (citing *Chennared-*

*dy v. Dodaro*, 698 F.Supp.2d 1, 22 (D.D.C. 2009)).

The district court subsequently granted in part and denied in part GAO's motion for summary judgment. *Id.* The court read Moses's complaint as including both a disparate treatment claim, which GAO had denied, and a disparate impact claim, to which GAO had not yet responded. *See id.* at 210. GAO supported its contention regarding the non-discriminatory reasons for its restructuring with affidavits from the decisionmakers, Gene Dodaro and Sallyanne Harper, showing that Band IIB eligibility required employees to meet minimum requirements. *Id.* at 209. Three assessment factors "determine[d] whether an employee would be placed in Band IIA or Band IIB," *id.* at 209, 213-14: "(1) roles and responsibilities, (2) past performance, and (3) performance potential," *Moses II*, 840 F.Supp.2d at 283. Further, the old Band II salary maximum was higher than Band IIA's new maximum salary, meaning that some Band IIA employees had salaries that were higher than their new maximum. *Moses I*, 774 F.Supp.2d at 209; *see also Moses II*, 840 F.Supp.2d at 284. GAO asserted that the COLA denials were "age-neutral and generally applicable decision[s]" for individuals now in Band IIA whose existing salaries were "higher than the maximum rate for that Band." *Moses I*, 774 F.Supp.2d at 214.

The district court granted GAO summary judgment on the disparate treatment claims, *id.* at 210, 212-16, and also recognized that the complaint seemed to "allege a claim based upon a disparate impact theory of recovery," which the motion for summary judgment had not addressed, *id.* at 216-17. Upon later granting GAO's renewed motion for summary judgment addressing the disparate impact claim, the district court explained that GAO provided

"specific reasons for restructuring" and submitted the assessment "factors . . . other than age for deciding which employees" were admitted to Band IIB and for determining who received the COLA. *Moses II*, 840 F.Supp.2d at 282, 285-86. Moses failed to respond to those arguments and instead focused on "argu[ing] that no discovery ha[d] been permitted" and challenging GAO's expert witness's statistical data regarding individuals placed in Band IIA and Band IIB. *See id.* at 286. Consequently, the district court treated the defense as "conceded" and granted GAO summary judgment on the disparate impact claim. *Id.* at 286. The district court also denied Moses's motion for reconsideration of the district court's denial of his discovery requests. *See id.* at 282, 286-87.

We review *de novo* the district court's grant of summary judgment and its denial of Moses's discovery motions for abuse of discretion. *Watts v. SEC*, 482 F.3d 501, 507 (D.C. Cir. 2007); *Dunning v. Quander*, 508 F.3d 8, 9 (D.C. Cir. 2007) (per curiam). We review rulings on Rule 59(e) motions for reconsideration for abuse of discretion. *Flynn v. Dick Corp.*, 481 F.3d 824, 829 (D.C. Cir. 2007).

In this case, the district court properly granted summary judgment. As to Moses's disparate treatment claim, he failed to show that GAO's legitimate and non-discriminatory reasons for restructuring Band II and denying COLAs were motivated by discrimination or were pretextual. *See Forman v. Small*, 271 F.3d 285, 292-94 (D.C. Cir. 2001); *see also Ford v. Mabus*, 629 F.3d 198, 201 (D.C. Cir. 2010). Because GAO had shown "a legitimate, non-discriminatory reason for its decision," Moses needed to produce evidence challenging the proffered reasons. *Aliotta v. Bair*, 614 F.3d 556, 563-64 (D.C. Cir. 2010). Similar reasoning applies to the COLA denials, as it was a generally applicable decision to

keep the compensation rates commensurate with market rates—part of the motivation for the restructuring to begin with. Thus, the burden shifted to Moses, who failed to even challenge GAO's reasons as "a pretext for discrimination." *Forman,* 271 F.3d at 293. For this reason, the district court's summary judgment in GAO's favor on the disparate treatment claim is affirmed.

Likewise, Moses's disparate impact claim is nonviable. While this Court has not addressed whether these disparate impact claims may proceed against the federal government, *see, e.g., Koger v. Reno,* 98 F.3d 631, 639 & n.2 (D.C. Cir. 1996), assuming such a claim does exist, Moses's claim cannot survive. Moses failed to rebut the reasonable non-age factors GAO proffered in its defense. *See Smith v. City of Jackson,* 544 U.S. 228, 242-43, 125 S.Ct. 1536, 161 L.Ed.2d 410 (2005) (discussing the reasonable factors other than age defense). Moses did not engage with that defense and continued to make broad, conclusory allegations, without pointing to record support, that lacked the precision to create a genuine issue of material fact sufficient to preclude summary judgment.

Finally, the district court did not abuse its discretion with respect to Moses's discovery requests and reconsideration of those requests. As an initial, procedural matter, Moses never filed an affidavit in support of his request pursuant to Federal Rule of Civil Procedure 56(d), demonstrating "that, for specified reasons, [he] [could] [ ]not present facts essential to justify [his] opposition." Fed. R. Civ. P. 56(d). For the disparate treatment claims, GAO submitted affidavits evidencing "legitimate, nondiscriminatory reason[s] for [its] action[s]," and Moses failed to rebut this evidence satisfactorily. *See Moses I,* 774 F.Supp.2d at 213-16. He did not file Rule 56(d) affidavits to obtain evidence and "failed to demonstrate the necessity of discovery to oppose defendant's motion for summary judgment." *Id.* at 215. In this context, the district court did not abuse its discretion.

For all these reasons, the district court's grants of summary judgment and denial of Moses's motions are affirmed.