# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

—————

**No. 22-7102**

**September Term, 2022**

FILED ON: APRIL 4, 2023

SMALL BUSINESS IN TRANSPORTATION COALITION,
          APPELLANT

v.

MURIEL BOWSER, IN HER OFFICIAL CAPACITY AS MAYOR OF THE DISTRICT OF COLUMBIA, ET AL.,
          APPELLEES

—————

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-02645)

—————

Before: MILLETT, PILLARD and CHILDS, *Circuit Judges*.

## J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs of the parties. The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the judgment of the United States District Court for the District of Columbia be **AFFIRMED**.

## I

In 2020, at the direction of Mayor Muriel Bowser, the District of Columbia's Department of Public Works commissioned District artists, with the assistance of municipal workers, to paint "Black Lives Matter" in large yellow letters beside an image of the District of Columbia flag on a two-block stretch of 16th Street NW. At the press conference following the painting, Mayor Bowser explained that "[t]here are people who are craving to be heard and to be seen and to have their humanity recognized. We had the opportunity to send that message loud and clear on a very important street in our city." Complaint at 3, J.A. 10. Mayor Bowser renamed the area covered by the mural "Black Lives Matter Plaza." The City Council later passed legislation to affirm the

1

designation of the plaza. Black Lives Matter Plaza Designation Emergency Act of 2020, D.C. Act 23-337, 67 D.C. Reg. 9348 (July 27, 2020); Black Lives Matter Plaza Designation Congressional Review Emergency Act of 2020, D.C. Act 23-424, 67 D.C. Reg. 12835 (Oct. 26, 2020); Black Lives Matter Plaza Designation Act of 2020, D.C. Law 23-240, 67 D.C. Reg. 13911 (March 16, 2021).

After the Mayor commissioned the mural, activists acting without the government's permission painted "Defund the Police" over the portion of the mural containing the stars on the District's flag. At the direction of the Mayor, District employees repainted the stars on the District's flag and, two months later, paved over the Defund the Police wording as part of the District's road maintenance.

The Small Business in Transportation Coalition is a trucking industry trade group. Complaint at 2, J.A. 9. Two months after the Mayor's commission of the Black Lives Matter mural, the Coalition requested a permit from the Mayor and the D.C. Attorney General to paint its motto, "Trucker Lives Matter," on a street next to the U.S. Department of Transportation. The Coalition made the same request of then-Deputy Mayor John Falcicchio, who referred it to the District's Department of Transportation. Eventually, the Department of Transportation denied the request on the ground that the Department "does not issue permits to install markings on open DC roadways or sidewalks." Complaint at 6, J.A. 13. Deputy Mayor Falcicchio then informed the Coalition that its proposed street painting was "not feasible." Complaint at 7, J.A. 14.

The Coalition filed suit under 42 U.S.C. § 1983 against the Mayor and two other District employees (whom we shall refer to collectively as the "District"). Complaint at 1, J.A. 8; *Small Bus. in Transp. Coal. v. Bowser*, 610 F. Supp. 3d 149, 153–154 & n.5 (D.D.C. 2022), J.A. 161. The Coalition alleged only that the District's denial of its request to paint "Trucker Lives Matter" on a public street was unconstitutional viewpoint discrimination. Complaint at 11–12, J.A. 18–19; *Small Bus. in Transp. Coal.*, 610 F. Supp. 3d at 154, J.A. 161.[1]

The district court granted the District's motion for summary judgment. The district court held that the Black Lives Matter mural constituted government speech. As a result, the First Amendment did not require the District to allow the Coalition's proposed speech. *Small Bus. in Transp. Coal.*, 610 F. Supp. 3d at 155–156, J.A. 164–165.

**II**

The district court had jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. § 1988. The Coalition filed a timely notice of appeal. This court has jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment *de novo*. *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006).

**III**

The Coalition brings two challenges to the district court's order. It argues that the district

---

[1] The Coalition has made no claim of unconstitutional selective enforcement.

court erred in (1) proceeding to summary judgment without allowing the Coalition to conduct discovery and (2) finding that the Black Lives Matter mural was government speech even in the absence of legislative approval from the District of Columbia City Council.   Both arguments fail.[2]

## A

The Coalition first challenges the district court's decision to proceed to summary judgment without allowing it to conduct discovery.   Specifically, the Coalition argues that discovery would have given it the opportunity to provide evidence that the mural was not government speech because (1) painting on District streets was not typically used by the government for expressive messages, (2) the public did not believe the government to be the speaker of the message, and (3) the District did not maintain editorial control over the mural.

The Coalition's argument that it should have been allowed to conduct discovery is foreclosed.  Before the district court, the Coalition expressly agreed to forgo any and all discovery. *See* Joint Meet and Confer Report at 3, J.A. 28 (stating the parties' agreement that "[t]here are no relevant, material facts in dispute that would require discovery.  As such, the Parties have agreed to forego discovery."); *id*. at 4, J.A. 29 ("[T]he Parties have agreed to forego discovery and proceed to summary judgment briefing.").   Having specifically invited the district court to proceed to summary judgment without discovery, the Coalition cannot now complain that it got what it requested.  *See New Hampshire v. Maine*, 532 U.S. 742, 749 (2001) (explaining that judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase"); *see also Dunning v. Quander*, 508 F.3d 8, 11 (D.C. Cir. 2007) (per curiam) (a challenge to a denial of discovery that was "never raised" in the district court "is waived[]").

Nor did the Coalition change course or in any way indicate that a need for discovery had arisen after the District filed its motion for summary judgment. *See Acosta v. Nelson*, 561 F. App'x 4, 6 (D.C. Cir. 2014) ("Because [Appellant] did not make any showing that could even be liberally construed as a request for additional discovery, he cannot now complain that more discovery was needed.").   Given the Coalition's express decision to forgo discovery, the district court acted properly in proceeding to summary judgment.

## B

The Coalition's argument that the Black Lives Matter mural was not government speech fails as well.   Three criteria generally guide the determination of whether speech is attributable to the government:   "[T]he history of the expression at issue; the public's likely perception as to who

---

[2] The Coalition's initial opening brief presented two arguments.  The Coalition subsequently filed what it labeled a "corrected" final brief that introduced two arguments that had not been presented in the initial brief.  This court struck the portions of the Coalition's corrected final brief that introduced the new arguments because the additional arguments violated Federal Rule of Appellate Procedure 30(c)(2)(B). FED. R. APP. P. 30(c)(2)(B) ("Except for the correction of typographical errors, no other changes may be made to the [final] brief."); Order Striking Portions of Appellant's Corrected Final Br., 03/02/2023.   For that reason, we address only the two arguments properly raised in the Coalition's initial brief.

(the government or a private person) is speaking; and the extent to which the government has actively shaped or controlled the expression." *Shurtleff v. City of Boston*, 142 S. Ct. 1583, 1589–1590 (2022). The Coalition does not argue that a different test applies here. Nor does it contest the district court's determination that each of those criteria supported classification of the mural as government speech, given the Mayor's announcement, the transparently public role District workers played in the mural's creation and maintenance, and the reality that "the District exercises near-exclusive control over the painting of the city's streets." *Small Bus. in Transp. Coal.*, 610 F. Supp. 3d at 155, J.A. 165.

Instead, the Coalition argues only that the mural cannot be government speech because it was not ratified by the District's legislature—the City Council. In the Coalition's view, "[s]peech cannot be held as government speech when only one government official acts to promote that speech." Coalition Opening Br. at 21.

That argument has no basis in precedent. To the contrary, this court recognized that executive agencies could engage in government speech in *People for the Ethical Treatment of Animals, Inc. v. Gittens*, where we held that artistic selections by a city agency constituted government speech. 414 F.3d 23, 27–31 (D.C. Cir. 2005); *see also Shurtleff*, 142 S. Ct. at 1595 (Alito, J., concurring) ("[The government-speech doctrine] presents no serious problems when the government speaks in its own voice—for example, *when an official gives a speech in a representative capacity* or a governmental body issues a report.") (emphasis added); *Rumsfeld v. Forum for Acad. & Institutional Rights, Inc.*, 547 U.S. 47, 61 n.4 (2006) (stating that "military recruiters' speech is clearly Government speech"); *Women for America First v. Adams*, No. 21-485-CV, 2022 WL 1714896, at *3 (2d Cir. May 27, 2022) (holding that street murals commissioned by the mayor were government speech, even though the record revealed no legislative directive); *Davison v. Randall*, 912 F.3d 666, 686 (4th Cir. 2019) (County Chair's Facebook "comments and curated references * * * to other Pages, personal profiles, and websites amount to governmental speech."). The Coalition, for its part, has cited no relevant authority for the proposition that the head of the executive branch of government cannot engage in government speech without the approval of the legislature. Instead, the Coalition relies entirely on an inapposite case that involves an overbreadth challenge to a licensing regime rather than government speech. *See* Coalition Opening Br. at 22 (citing *Forsyth County v. Nationalist Movement*, 505 U.S. 123, 130 (1992)).

## IV

The Coalition makes two new arguments on reply. First, it contends that the district court failed to properly evaluate the government-speech criteria. Second, it argues that the district court failed to consider its claim of viewpoint discrimination. Because both of those arguments were raised for the first time in the Coalition's reply brief, they are forfeited. *See American Wildlands v. Kempthorne*, 530 F.3d 991, 1001 (D.C. Cir. 2008) ("We need not consider this argument because

4

plaintiffs have forfeited it on appeal, having raised it for the first time in their reply brief.").

**V**

For the foregoing reasons, the judgment of the district court is affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc*. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:   /s/
Daniel J. Reidy
Deputy Clerk

5