**AMELIA RIVERA-MERCADO, Appellant/Plaintiff**

**v.**

**GENERAL MOTORS CORP., Appellee/Defendant**

S. Ct. Civ. No. 2007-036

Supreme Court of the Virgin Islands

April 14, 2009

ROYETTE V. RUSSELL, ESQ., RONALD E. RUSSELL, ESQ., The Russell Law Firm, LLP, St. Croix, USVI, *Attorneys for Appellant.*

RODNEY E. LOOMER, ESQ., Turner Reid Duncan Loomer & Patton, P.C., Springfield, Missouri; WARREN B. COLE, ESQ., Hunter Cole & Bennett, St. Croix, USVI, *Attorneys for Appellee.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Justice, concurring.*

## OPINION OF THE COURT

(April 14, 2009)

HODGE, C.J. Appellant Amelia Rivera-Mercado (hereafter "Rivera-Mercado") appeals a February 28, 2007 Superior Court order granting

summary judgment to Appellee General Motors Corporation (hereafter "Appellee" or "GMC") and dismissing her underlying negligence action. For the following reasons, we shall reverse the trial court.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On February 25, 1997, Rivera-Mercado purchased a 1997 Chevrolet Pickup truck from Antilles Automotive Corporation (hereafter "Antilles"). After two recall notices involving this particular model were issued,[1] Rivera-Mercado's son took this truck to Antilles for inspection on March 18, 1999. The truck was subsequently taken to Antilles for additional brake work on January 18, 1999 and May 3, 2000. On May 18, 2002, Rivera-Mercado, while driving her truck, swerved to miss another truck that had pulled ahead of her without warning. Rivera-Mercado alleges that her brakes failed when she tried to apply them during this incident, resulting in her truck colliding with a roadside tree, resulting in permanent disfigurement of her elbow, chin, shin, and right ankle. Rivera-Mercado further states that, as a result of these injuries, she was forced to retire from her job as a Spanish teacher.

Rivera-Mercado filed a verified complaint against GMC, Antilles, and Caribbean Auto Mart on March 22, 2002, alleging defective design, negligence, breach of warranty, and failure to repair.[2] GMC submitted its answer on May 8, 2002. On August 14, 2006, the trial court entered an order setting pretrial deadlines and entered a mediation order on August 15, 2006. On October 26, 2006, Rivera-Mercado and GMC filed a joint stipulation to extend these deadlines, which the trial court denied on October 31, 2006 because "[t]he [c]ourt must maintain a manageable case docket" and "we are already faced with an understaffed judiciary, with

---

[1] This recall campaign — National Highway Traffic Safety Administration Campaign Number 97VI46001 — was initiated because in certain 1997 Chevrolet Pickup trucks, the front break pipe would come in contact with the left side of the engine oil pan, causing the brake pipe to wear out and resulting in fluid loss during application of the brake. The National Highway Traffic Safety Administration had instructed GMC dealers to inspect the clearance between the oil pan and the brake line and, if the clearance was six millimeters or less, dealers were instructed to install an additional brake clip. However, if contact occurred between the oil pan and the brake line, the front brake line was to be replaced.

[2] The Superior Court granted Caribbean Auto Mart's motion to dismiss on March 2, 2004 and dismissed Antilles from the litigation in a May 23, 2007 order pursuant to the parties' stipulation.

multiple criminal cases, and other legal matters, all clamoring for the [c]ourt's valuable trial time." (Order of the Ct. Oct. 31, 2006; J.A. at 613.) In a November 14, 2006 order, the trial court set the discovery and trial schedule, which set a December 31, 2006 deadline for all discovery and required Rivera-Mercado to "[s]ubmit all expert reports as required by FED. R. CIV. P. 26(b)(4) no later than November 24, 2006" or within ten days.[3] On November 20, 2006, Rivera-Mercado filed a motion for reconsideration of the trial court's November 14, 2006 order, and also filed a motion for extension of time to submit an expert report on November 30, 2006. The trial court denied both motions on January 22, 2007.

GMC filed its motion for summary judgment on January 31, 2007, arguing that Rivera-Mercado was barred from presenting expert testimony, could not meet her burden of proof, and could not rely on circumstantial evidence to support her claims. Together with this motion, GMC filed its expert's report, which concluded that the defects that prompted GMC's recall campaign were not present in Rivera-Mercado's truck and that her truck's brake system was intact and without defect. Rivera-Mercado responded by filing a motion for additional time to respond to the summary judgment motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure. Through supporting affidavits, Rivera-Mercado alleged that GMC failed to comply with discovery deadlines and did not respond to discovery requests, and thus additional time was necessary to obtain the discovery necessary to oppose GMC's summary judgment motion, including discovery on her truck's brake system. On February 28, 2007, the court denied Rivera-Mercado's Rule 56(f) motion and granted GMC's motion for summary judgment. Rivera-Mercado filed her notice of appeal on March 6, 2007.

## II. JURISDICTION AND STANDARD OF REVIEW

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees [and] final orders of the Superior Court . . . ." V.I. CODE. ANN. tit. 4, § 32(a). Since the Superior Court entered its order granting GMC's motion for summary judgment on

---

[3] The Federal Rules of Civil Procedure apply to actions in the Superior Court in the absence of a local rule to the contrary. SUPER. CT. R. 7.

February 28, 2007, and Rivera-Mercado's Notice of Appeal was filed on March 6, 2007, the Notice of Appeal was timely filed. *See* V.I. S. CT. R. 5(a)(1) ("[T]he notice of appeal required by Rule 4 shall be filed with the Clerk of the Superior Court within thirty days after the date of entry of the judgment or order appealed from . . .").

A trial court's denial of a Rule 56(f) motion to delay consideration of a motion for summary judgment is reviewed for abuse of discretion. *St. Surin v. V.I. Daily News*, 21 F.3d 1309, 1313, 30 V.I. 373 (3d Cir. 1994).

## III. DISCUSSION

 Rivera-Mercado argues that the Superior Court abused its discretion when it denied her Rule 56(f) motion and granted GMC's motion for summary judgment without authorizing additional discovery. This Court cannot sufficiently emphasize that it does not condone lackadaisical and dilatory practices during discovery or any other stage of litigation.[4] While a trial court typically grants a Rule 56(f) continuance "as a matter of course," *Costlow v. United States*, 552 F.2d 560, 564 (3d Cir. 1977), it is well established that a litigant seeking to disturb a trial court's control of its docket bears a heavy burden, and must demonstrate to the appellate court that "the [trial] court's actions made it impossible to obtain crucial evidence." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982) (quoting *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1105 (5th Cir. 1972)). We find that Rivera-Mercardo

---

[4] Though not directly relevant to our disposition of this matter, we note that the procedural posture of this case can be attributed to a significant lapse in activity in this case by all involved parties: Rivera-Mercado, GMC, and the trial court. Rule 16(a) of the Federal Rules of Civil Procedure explains that active management of the litigation schedule by the parties and the trial court in the early stages of the proceedings "(1) expedit[es] disposition of the action; (2) establish[es] early and continuing control so that the case will not be protracted because of lack of management; (3) discourag[es] wasteful pretrial activities; (4) improve[es] the quality of the trial through more thorough preparation; and (5) facilitate[es] settlement." It does not appear that this case benefited from such early management, and as a result the parties were roused from their long slumber by an unnecessarily contracted scheduling order imposed by the trial court. Had the parties and the court addressed scheduling issues when the litigation was at its infancy, the problems raised in this appeal would likely have been avoided. Accordingly, this Court reminds trial judges to abide by the scheduling and conferencing requirements of Rule 16 of the Federal Rules of Civil Procedure and Rule 16.1 of the Local Rules of Civil Procedure, made applicable to Superior Court proceedings pursuant to Superior Court Rule 7, in order to prevent the unnecessary squandering of scarce judicial resources.

has met her burden, and accordingly reverse the trial court's denial of Rivera-Mercado's Rule 56(f) motion[5] and vacate its grant of summary judgment to GMC.

## A. Rivera-Mercado's Rule 56(f) Motion was Supported by Affidavits

 In its order denying Rivera-Mercado's Rule 56(f) motion, the trial court notes that a party seeking a Rule 56(f) continuance must submit an affidavit stating the reasons why the party is unable to oppose the motion for summary judgment, and states that Rivera-Merdado did not submit such an affidavit with her motion. (J.A. at 6.) However, it is well established that although "meticulous, technical compliance with Rule 56(f)'s requirement that a request for delay be supported by affidavits" is strongly encouraged, the "failure to support a Rule 56(f) motion by affidavit is not automatically fatal to is consideration" so long as the party "inform[s] the district court why delay is needed before the motion [for summary judgment] can be properly considered." *St. Surin*, 21 F.3d at 1313-14. More importantly, Rivera-Mercado's Rule 56(f) motion was accompanied by the affidavits of Attorneys Royette V. Russell and Martial A. Webster, which explained why additional discovery was needed to respond to GMC's motion for summary judgment and why that discovery had not been obtained prior to the close of discovery. (J.A. at 398-406.) Accordingly, the trial court's finding that Rivera-Mercado's motion failed to comply with Rule 56(f)'s technical requirements was patently incorrect. Since the trial court apparently failed to consider these affidavits during its analysis, it improperly denied Rivera-Mercado's Rule 56(f) motion and must be reversed. *See Murphy v. Reynoldsburg*, 65 Ohio St. 3d 356, 604 N.E.2d 138, 141 (1992) (finding that a trial court that does not fulfill its "absolute duty" to consider all affidavits prior to ruling on a motion must be reversed).

---

[5] GMC argues that Rivera-Mercado's Rule 56(f) motion was untimely because it was filed after discovery had already closed. However, "[t]here is no fixed time limit for filing a Rule 56(f) motion; that is, neither the Federal Rules nor the local rules place any relevant restriction on the submission of such a motion, at least when the court has not assigned a firm date for a hearing on, or adjudication of, the opposing party's summary judgment initiative." *Resolution Trust Corp. v. North Bridge Assocs., Inc.*, 22 F.3d 1198, 1204 (1st Cir. 1994). Accordingly, RiveraMercado's motion was not filed out of time.

## B. Rivera-Mercado Fulfilled the Requirements for a Grant of a Rule 56(f) Motion

The trial court, as an alternative ground for denying Rivera-Mercado's Rule 56(f) motion, stated that "discovery in this matter is ended" and thus "[t]o allow Plaintiff the relief she seeks would essentially permit her to reopen discovery and further delay adjudication of this matter which has been pending for five (5) years." (J.A. at 6.) Finding that "[t]his matter does not warrant such relief," the trial court denied the Rule 56(f) motion. *(Id.)*

■ We disagree with the trial court's analysis. As a general rule, to obtain a Rule 56(f) continuance, a party must explain "what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Phil.*, 855 F.2d 136, 140 (3d Cir. 1988).[6] Rivera-Mercado, through her motion and its supporting affidavits, clearly met all three of these requirements.

In her motion, Rivera-Mercado stated that her expert witness needed additional time to finalize an expert report on her truck's brake system (J.A. at 64), and that GMC's expert witness had not made himself available for a deposition. (J.A. at 69.) Attorney Russell also identified this information as necessary to oppose GMC's motion for summary judgment in his affidavit. (J.A. at 403-04.) Accordingly, Rivera-Mercado identified what particular information was necessary to oppose the motion for summary judgment.

The trial court correctly identified the pivotal issue in the summary judgment stage to be whether Rivera-Mercado could meet her burden at trial of demonstrating causation. In her motion and accompanying affidavit, Rivera-Mercado stated that she had not received various documents from GMC, such as its correspondence with the National Highway Traffic Safety Administration and meeting minutes relating to brake failures in 1997 Chevrolet pickup trucks. (J.A. at 69; 403-04.) Although it is not in dispute that this information was requested prior to discovery but not provided by GMC, Rivera-Mercado has not explained

---

[6] This list of factors, however, is not exhaustive. *See Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003) (observing that this list "simply offer[s] a guide for the . . . court to follow in exercising its discretion under Rule 56(f)").

with specificity how these documents, which could establish the existence of a brake defect in some 1997 Chevrolet pickup trucks, would — standing alone — preclude summary judgment, given that the salient issue was whether the brakes on Rivera-Mercado's own truck were defective.

■ Nevertheless, Rivera-Mercado's motion and accompanying affidavits explained how some information — namely, her expert report — would preclude summary judgment. Because Rivera-Mercado had not submitted an expert report and GMC had "submitted an expert report which demonstrate[d] that Plaintiff's vehicle was not one of the vehicles affected by the safety recall," the trial court found that she had "failed to establish sufficient proof that a defect existed in her vehicle as well as a causal link between the defect and her injuries." (J.A. at 12.) If the trial court had granted Rivera-Mercado the opportunity to submit her own expert report demonstrating that her brake system was defective and subject to the recall, as well as allowed her to depose GMC's expert and question him as to his report's methodology and other aspects pertaining to its reliability, the dueling expert reports would have created a genuine issue of material fact as to causation and precluded a grant of summary judgment to GMC.[7] Thus, Rivera-Mercado fulfilled the second requirement.

■ Finally, Rivera-Mercado has explained why this information had not been previously obtained. The trial court, by issuing a discovery schedule that granted Rivera-Mercado only ten days to file an expert report while imposing no comparable deadline for submission of GMC's expert report, placed an undue hardship on Rivera-Mercado by imposing an unnecessarily contracted discovery schedule that made it unreasonably difficult for her to timely submit her expert's report-the most critical evidence supporting her case.[8] Furthermore, in denying Rivera-

[7] GMC contends that Rivera-Mercado "has not presented a scintilla of evidence to support her claim that her vehicle's braking system was defective," and thus this Court should affirm the trial court's denial of her Rule 56(f) motion. However, it is well established that additional discovery should not be rejected solely on a court's view of the likely outcome of that discovery. *See Doe v. Abington Friends Sch.*, 480 F.3d 252, 259 (3d Cir. 2007).

[8] This Court recognizes that Rivera-Mercado had retained her expert no later than May 8, 2006, when her counsel notified GMC that her expert would inspect the vehicle on May 27, 2006. Although we reiterate that we do not condone dilatory conduct on the part of litigants, neither Rivera-Mercado nor her counsel could have known that the trial court would

Mercado's motion for an extension of time to submit her expert report, the trial court did not consider any factors other than the timeliness of her motion. It is well established that a trial court, when deciding whether to extend a discovery deadline, must consider the prejudice to the non-moving party, the relevance of the discovery sought, the parties' diligence in seeking discovery, and whether the motion is opposed. *See Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987); *see also United States v. Sayer*, 450 F.3d 82, 90 (1st Cir. 2006); *Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006). Here, there is no evidence on the record that would indicate that GMC would have been prejudiced by granting ·Rivera-Mercado a reasonable deadline for submission of her expert report. Notably, the fact that the parties had stipulated to an extension — which had been rejected by the trial court — demonstrates that GMC would not have been prejudiced. Likewise, Attorney Russell's affidavit stated that GMC's expert had not been deposed because GMC "has not made its expert available for deposition"[9] and that GMC "has not made [its] Rule 30(b)(6) [representative] available for deposition."[10] (J.A. at 404.) Accordingly, Rivera-Mercado has fulfilled the third requirement as well.[11]

---

require submission of an expert report on such short notice until the court set its discovery deadlines and scheduled a trial date. *See generally* FED. R. CIV. P. 26(a)(2)(C) (governing the time limits for disclosing expert testimony).

[9] Federal Rule of Civil Procedure 26(b)(4) expressly prohibits an expert witness from being deposed prior to submission of his written report. Thus, despite the long period in which this matter was pending, Rivera-Mercado could not have deposed GMC's expert witness prior to November 9, 2006, the date GMC submitted its expert report.

[10] Because GMC had not made its expert available for deposition, and also failed to provide other documents Rivera-Mercado had expressly requested prior to the close of discovery, Rivera-Mercado would also have met the good cause standard required to modify a scheduling order pursuant to Federal Rule of Civil Procedure 16(b)(4). *See Waggoner v. Ohio Cent. R.R., Inc.*, 242 F.R.D. 413, 415 (S.D. Ohio 2007) (holding that good cause is shown when the reason for delay is outside of the moving party's control).

[11] GMC argues that Rivera-Mercado should not receive Rule 56(f) relief because this action originated on March 22, 2002, but discovery requests were not served on GMC until June 14, 2005. Although this Court reiterates that it does not condone dilatory conduct, Attorney Webster's affidavit explains that discovery in this matter was delayed for two years due to the pendency of Caribbean Auto Mart's motion to dismiss. (J.A. at 405.) While Attorney Webster acknowledges that the matter remained inactive for an additional year after the trial court ruled on Caribbean Auto Mart's motion on March 2, 2004, due to his heavy criminal caseload, discovery promptly began after the trial court issued a May 18, 2005 order and Attorney Webster transferred the matter to Attorney Russell. (*Id.*) Notably, GMC did not

Since Rivera-Mercado has complied with all three requirements for the grant of a Rule 56(f) continuance, the trial court abused its discretion in denying her Rule 56(f) motion.[12] Consequently, the trial court's grant of summary judgment to GMC must be vacated because key discovery remains outstanding in this matter. *See St. Surin*, 12 F.3d at 1311.

## IV. CONCLUSION

For the above reasons, we find that the Superior Court abused its discretion in denying Rivera-Mercado's request for Rule 56(f) relief, and accordingly reverse the trial court's February 28, 2007 order as it pertains to the Rule 56(f) motion and vacate it with respect to its grant of GMC's motion for summary judgment. We remand the matter to the trial court for proceedings consistent with this opinion.

## CONCURRING OPINION

SWAN, J., *concurring*.

## I. INTRODUCTION

Amelia Rivera-Mercado ("Appellant") filed a complaint against General Motors Corporation ("GM" or "Appellee") and others.[1] Following GM's answer and limited discovery, the trial court denied the parties' detailed Stipulation to Extend Discovery Deadlines and issued an order setting discovery and trial dates. Subsequently, the trial court granted GM's motion for summary judgment, after denying Appellant's motion for an extension of time to file her opposition to the motion. For

---

challenge Rivera-Mercado's dilatory conduct during this time or otherwise claim that it was prejudiced by this delay.

[12] Rivera-Mercado also asserted as issues on appeal 1) whether the trial court erred in ruling that she must demonstrate defect by other evidence; 2) whether the trial court erred in ruling that she failed to meet her burden regarding summary judgment; and 3) whether the trial court erred in barring her from presenting expert evidence at trial. Because we reverse the trial court on the ground that it erred in denying Rivera-Mercado's Rule 56(f) motion, it is not necessary or appropriate for us to consider the other points of error Rivera-Mercado has raised on appeal.

[1] Antilles Automotive, Inc. and Caribbean Auto Mart were also named defendants. The Superior Court's March 1, 2004 order dismissed Caribbean Auto Mart as a Defendant, (J. A. at 576), following Caribbean Auto Mart's March 10, 2003 motion to dismiss (J. A. at 577.) The trial court's May 23, 2007 order dismissed Antilles Automotive, Inc. as a defendant pursuant to the parties' stipulation. (J. A. at 565.)

reasons articulated below, I would reverse the trial court's grant of summary judgment.

## II. FACTS AND PROCEDURAL HISTORY

This case emanated from a May 2000 automobile accident. Appellant alleged that while operating her 1997 Chevrolet pickup truck downhill on Canaan Road, Route 73, St. Croix, United States Virgin Islands, she collided into a roadside tree, because the brakes on her truck failed. Appellant further alleged that her truck's brakes failed, because of a manufacturing defect, which is identical to the defect for which GM initiated a recall on its Chevrolet pickup trucks. GM did institute a product safety campaign pursuant to federal law, National Highway Traffic Safety Administration ("NHTSA") Campaign Number 97VI46001. The cornerstone of the recall campaign was that in some of GM's 1997 Chevrolet pickup trucks, the front brake pipe would come in contact with the left side of the engine oil pan. This occurrence causes the break pipe to wear out, resulting in fluid loss during application of the break. The NHTSA instructed GM dealers to inspect the clearance between the oil pan and the break line. If the clearance was 6mm or less, dealers were instructed to install an additional break line clip; however, if contact occurred between the oil pan and brake line, the front break line had to be replaced.

As instructed by GM's March 18, 1998 recall notice, Appellant took her truck to a GM dealer for inspection. Appellant filed an invoice with the trial court which confirmed that on March 20, 1998, the truck was inspected by Antilles Automotive, Inc. ("Antilles"), in furtherance of the recall campaign.

On March 22, 2002, Appellant filed the complaint against GM and others. She alleged, *inter alia*, that the direct and proximate causes of the accident were GM's carelessness and negligence, its failure to warn Appellant of the truck's defects, its failure to instruct on how to safely operate the pickup truck, and its breach of warranty of merchantability. Therefore, Appellant sought compensatory damages for personal injuries she sustained, property damages for her vehicle, and other associated damages resulting from the accident.

On August 14, 2006, the trial court entered an order setting pretrial deadlines and entered a mediation referral order the following day, August 15, 2006. On October 26, 2006 the parties filed a detailed stipulation titled

"Stipulation to Extend Discovery Deadlines" with a proposed order. (J.A. at 389.) On October 31, 2006, the trial court entered an Order denying the parties' Stipulation to Extend Discovery Deadline, because "[t]he [c]ourt must maintain a manageable case docket." (Order of the Ct. Oct. 31, 2006; J.A. at 613). Citing *Couch v. St. Croix Marine, Inc.* 23 V.I. 269, 272 (D.V.I. 1987),[2] the trial court concluded that: "[w]e are already faced with an understaffed judiciary, with multiple criminal cases, and other legal matters, all clamoring for the Court's valuable trial time."[3] (*Id.*) The trial court specifically ordered the parties to comply with its discovery order.

Thereafter, the trial court entered a November 14, 2006 Order titled "Order Setting Discovery and Trial Schedule." (J.A. at 397.) This order required Appellant to "[s]ubmit all expert reports as required by FED. R. CIV. P. 26 (b)(4) no later than November 24, 2006" or within ten days.[4] (*Id.*) The trial court's Order further delineated the pre-trial activities to be completed and the deadline dates for completion of the activities. I have configured the trial court's November 14, 2006 Order as follows:

Order Setting Discovery and Trial Schedule

| Action Required of the Parties | Deadlines |
|---|---|
| "Plaintiff shall submit all expert reports as required by Fed. R. Civ. P. 26(b)(4) . . ." (J.A at 397.) | November 24, 2006 |
| Discovery Closed | December 31, 2006 |

---

[2] 23 V.I. 269, 272 (D.V.I. 1987).

[3] *Couch v. St. Croix Marine, Inc.*, 23 V.I. 269, 272 (D.V.I. 1987) states:

If we were to grant a continuance because of the actions of plaintiffs and their counsel, we would sadly surrender what control we still have over the Court's calendar. We are already faced with an understaffed judiciary in this district, with criminal cases, multiple asbestos cases, multiple typhoid cases, and major products liability cases, all clamoring for the Court's trial time. To suggest that we simply delay the case herein for the convenience of counsel borders on insult.

[4] Rule 26(b) (4) of the Federal Rule of Civil Procedure, which applies in the trial court pursuant to Rule 7 of the Rules of the Superior Court of the Virgin Islands states:

(b) discovery scope and limits.

(4) Trial Preparation: Experts.

(A) A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If a report from the expert is required under subdivision (a)(2)(B), the deposition shall not be conducted until after the report is provided.

| Mediation | January 31, 2007 |
|---|---|
| Calendar Call | February 12, 2007 |
| Trial Date | February 26, 2007 |

On November 30, 2006, Appellant filed a Motion for Extension of Time to Produce an Expert Report. On January 22, 2007, the trial court denied Appellant's Motion for Extension of Time to Produce an Expert Report, because the Motion was filed one week after the November 24, 2006 deadline enumerated in the trial court's discovery order. The same day, January 22, 2007, the court denied Appellant's Motion for Reconsideration, and further denied Appellant's Motion to Amend Complaint to include a claim for defective seatbelts.

On October 26, 2006, or approximately three (3) weeks prior to the trial court's November 14th, 2006 Order setting discovery deadlines, the parties filed a detailed stipulation titled "Stipulation to Extend Discovery Deadlines." (**J.A. at 389.**) The following table summarizes the parties' Stipulation, including the activities to be completed and dates for completion of these activities.

The Parties' Stipulation to Extend Discovery Deadlines

| Action Required of the Parties | Proposed Deadlines |
|---|---|
| Factual Discovery | January 15, 2007 |
| Mediation | March 31, 2007 |
| "Plaintiff's Expert Disclosures pursuant to Fed. R. Civ. 26 (a) (2)" (J.A. at 389.) | January 15, 2007 |
| Defendant's Expert Disclosures | February 15, 2007 |
| Expert Depositions | April 15, 2007 |
| Motions | June 30, 2007 |
| Status Conference | To be scheduled by Court |
| Trial | To be scheduled by Court |

On January 31, 2007, GM filed its Motion for Summary Judgment, asserting that Appellant was barred from presenting expert testimony, that she could not meet her burden of proof, and that Appellant could not rely on circumstantial evidence to support her claims. Additionally, together with its Motion for Summary Judgment, GM filed its expert's report, concerning an inspection of Appellant's truck on October 24, 2006. The expert's report elucidates that the truck's brake pipe was found to be approximately thirty millimeters (30 mm) from the engine oil pan and that

319

the brake system on Appellant's truck was intact and without defect. The expert concluded that the defects which prompted GM's recall campaign were absent in Appellant's truck.

On February 14, 2007 and in response to GM's Motion for Summary Judgment, Appellant filed a FED. R. CIV. P. 56(f)[5] Motion. In her Motion, supported by affidavits, Appellant asserted that she had not conducted sufficient discovery to enable her to respond to GM's Summary Judgment Motion. Appellant further asserted that GM failed to comply with discovery deadlines and had failed to respond to her discovery requests; therefore, she should be afforded an opportunity to obtain the discovery information she needs, including discovery on her truck's brake system. Appellant contended that the requested discovery was crucial to her claims and was needed to enable her to oppose GM's Motion for Summary Judgment.

The trial court denied Appellant's FED. R. CIV. P. 56(f) Motion and stated two reasons for the denial. "First, no affidavit was submitted with the motion stating the grounds for such relief," and "[s]econd, discovery in this matter is ended." (J.A. at 6.) The trial court opined that the case had been pending for five (5) years and that Appellant's Motion would only reopen discovery. (*Id.*) Additionally, the trial court concluded that Appellant could not prove GM's fault, because (1) "Plaintiff is barred from presenting expert testimony that the brake system in her vehicle was defective" and (2) "nothing submitted by the Plaintiff shows that subsequent to the accident, any competent person found that the brake system was defective." (*Id.* at 12.) Therefore, the trial court granted GM's Motion for Summary Judgment and dismissed the lawsuit on February 27, 2007. On March 6, 2007 Appellant filed a timely Notice of Appeal.

## III. COURT'S JURISDICTION

The Supreme Court has jurisdiction over final judgments of the Superior Court pursuant to title 4, section 32(a) of the Virgin Islands

---

[5] Rule 56(f) of the Federal Rules of Civil Procedure provides that:

Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the Court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Code, vesting the Supreme Court with jurisdiction over "all appeals arising from final judgments, final decrees, [and] final orders of the Superior Court . . . ." Appellant's March 6, 2007 Notice Of Appeal, appealing the trial court's February 27, 2007 grant of summary judgment, complied with Rule 4(c) of the Virgin Islands Supreme Court Rules.[6]

## IV. STANDARDS OF REVIEW

Appellant impugns the trial court's grant of summary judgment for several reasons including that it was premature. Therefore, we apply the dual standards of review utilized by the United States Court of Appeals for the Third Circuit ("Third Circuit") in analogous cases.

> When an order granting a motion for summary judgment is attacked as premature, we review a [trial] court's refusal to delay action for an abuse of discretion, *Radich v. Goode*, 886 F.2d 1391, 1393 (3d Cir. 1989), but review of the substance of an order granting a summary judgment motion is plenary.

*St. Surin v. Virgin Islands Daily News, Inc.*, 21 F.3d 1309, 1313, 30 V.I. 373 (3d Cir. 1994) (citing *Public Interest Research of N.J. v. Powell Duffryn Terminals, Inc.*, 913 F.2d 64, 76 (3d Cir. 1990) and FED. R. CIV. P. 56.)). *See also Dunning v. Quander*, 508 F.3d 8, 9 (D.C. Cir. 2007) ("We review the district court's denial of the Rule 56(f) Motion for abuse of discretion and its grant of summary judgment de novo.") (citations omitted). "We review a grant of summary judgment de novo, applying the same standard that the [trial] Court should have applied." *Jiminez v. All Am. Rathskeller, Inc.*, 503 F.3d 247, 249 (3d Cir. 2007) (citing *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006)).[7] We also review the trial court's discovery decisions for abuse of discretion. *LeBoon v. Lancaster Jewish Cmty. Ctr. Assn.*, 503 F.3d 217, 235 (3d Cir. 2007).

---

[6] V.I. S. CT. R. 4(c) provides that the "notice of appeal shall specify the party or parties taking the appeal; shall designate the judgment, order, or part thereof appealed from and the reason(s) or issue(s) to be presented on appeal." Therefore, Appellant's notice perfected her challenge of the trial court's summary judgment grant. (*See* J.A. at 1.)

[7] "[D]e novo means that the court's inquiry is not limited to or constricted by the record nor is any deference due the conclusions under review." *Phillips v. County of Allegheny*, 515 F.3d 224, 230 n. 2 (3d Cir. 2008) (brackets and ellipses omitted) (quoting *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 461 (3d Cir. 2000)).

## V. ISSUE PRESENTED

The primary issue is whether the trial court erred by granting GM's Motion for Summary Judgment after denying Appellant's Rule 56(f) Motion for Extension of Time to conduct the discovery that Appellant needed to oppose Appellee's Motion for Summary Judgment.[8]

## VI. DISCUSSION

I first discuss the trial court's power and discretion to manage its docket. Then, I examine each of the trial court's pivotal decisions that resulted in its grant of Appellee's Motion for Summary Judgment. Thereafter, I identify and discuss the trial court's crucial decisions that culminated in the trial court's erroneous grant of summary judgment. The decisions are the trial court's (1) denial of the Parties' Stipulation to Extend Discovery Deadlines, (2) its denial of Appellant's Motion for Extension of Time to Produce Expert Report, and (3) its grant of summary judgment without first appropriately considering Appellant's motion for Rule 56(f) relief.

### A. There are Limits to the Trial Court's Broad Power to Manage Its Docket

I cannot sufficiently emphasize that I do not condone lackadaisical and dilatory practices by counsel or parties before our Virgin Islands courts, and that only in a rare circumstance, as here, shall I disturb a trial court's

---

[8] Appellant raised the following issues:
1. Whether the trial court erred in denying plaintiff's motion for Rule 56(f) relief?
2. Whether the trial court erred in ruling that plaintiff must demonstrate defect by other evidence?
3. Whether the trial court erred in ruling that plaintiff failed to meet her burden regarding summary judgment
4. Whether the trial court erred in barring plaintiff from presenting expert testimony at trial.

(Appellant's Br. at V.) Because we will conclude that the trial court erred in denying Appellant's motion for Rule 56(f) relief and will remand the record to the trial court, it is unnecessary for us to address the other issues raised by Appellant. Nevertheless, in exercise of our plenary review, we will examine the court's decisions regarding the Parties' Stipulation to Extend Discovery Deadlines and Appellant's Motion for Extension of Time to Produce Expert Report because they bolster our decision in reversing the trial court.

decision in managing its docket.[9] Despite the result in this case, "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." *In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817 (3d Cir. 1982) (citing *Bus. Ass'n of Univ. City v. Landrieu*, 660 F.2d 867, 877 (3d Cir. 1981) & *Borden Co. v. Sylk*, 410 F.2d 843, 845 (3d Cir. 1969)). The United States Court of Appeals for the Third Circuit ("Third Circuit") has declared that, "[t]his Court and others have frequently upheld a trial court's exercise of discretion to deny a party's motion to add experts or other fact witnesses after the close of discovery or after a deadline in a scheduling order." *Eichorn v. AT&T Corp.*, 484 F.3d 644, 650-51 (3d Cir. 2007) (citations omitted). Thus, a litigant complaining that the trial court denied the litigant sufficient time to complete discovery and trial preparation bears a heavy burden when seeking relief. As the Third Circuit has opined, the burden is not insurmountable:

> We will not interfere with a trial court's control of its docket "except upon the clearest showing that the procedures have resulted in actual and substantial prejudice to the complaining litigant." *Eli Lilly & Co. v. Generix Drug Sales, Inc.*, 460 F.2d 1096, 1105 (5th Cir. 1972). Similarly, we will not upset a district court's conduct of discovery procedures absent "a demonstration that the court's action made it impossible to obtain crucial evidence, and implicit in such a showing is proof that more diligent discovery was impossible." *Id.*

*In re Fine Paper*, 685 F.2d at 817-18.

In pursuing a rigorous schedule for moving the court's docket, a trial court must be cognizant that "[a]lthough a . . . judge has the authority to require that discovery proceed at a strenuous pace, there are limits upon the power of a federal district court to accelerate pretrial discovery, and under certain circumstances a demanding discovery schedule may be an unreasonable exercise of a . . . [c]ourt's discretion." 23 AM. JUR. 2D *Depositions and Discovery* § 8 (July 2007 update); *see also, Deere & Co. v. Ohio Gear*, 462 F.3d 701, 706-07 (7th Cir. 2006) ("courts have

---

[9] Even in managing its docket, trial court's orders that result in a grant of summary judgment come within our plenary review because such orders constitute part of the whole record. *See, e.g., Penn Manor School Dist.*, 422 F.3d at 146; *St. Surin*, 21 F.3d at 1313.

broad discretion to manage their dockets . . . [b]ut the case history here gives us pause."). In this case, I conclude that one of the reasons the trial court's Summary Judgment Order merits reversal is that its discovery orders improperly precluded Appellant from utilizing an expert witness, and from obtaining crucial discovery necessary for her to oppose Appellees' Motion for Summary Judgment.

Two significant decisions of the trial court (*i.e.*, the trial court's rejection of the Parties' Stipulation to Extend Discovery Deadlines and the trial court's denial of Appellant's Motion for Extension of Time to Produce Expert Report) reverberate throughout the case, and form the bases for two subsequent critical but erroneous decisions by the trial court; to wit: the trial court's denial of Appellant's Rule 56(f) motion, and the trial court's grant of Appellee's Motion for Summary Judgment.[10] In the remainder of this opinion, I review each of the trial court's decisions on these motions. Next, I examined the trial court's denial of the Parties' Stipulation to Extend Discovery Deadlines.

## B. Denial of the Parties' Stipulation to Extend Discovery Deadlines

Appellant complained that the trial court erred in denying the parties' Stipulation to Extend Discovery Deadlines despite the substantial reasons that the parties presented to the trial court for seeking the extension of discovery deadlines. The trial court denied the parties' Stipulation to Extend Discovery Deadlines primarily because the requested extension would be detrimental to the trial court's management of its docket, citing *Couch v. St. Croix Marine, Inc.*, 23 V.I. 269 (D.V.I. 1987). However, I

---

[10] Our plenary review of the trial court's grant of Appellee's summary judgment requires a review of the trial court's record as a whole. *Penn Manor Schl. Dist.*, 422 F.3d at 146. *See also, Bridgeport Music, Inc. v. Universal-MCA Music Pub., Inc.*, 481 F.3d 926, 929 (6th Cir. 2007) (*de novo* review calls for a searching review of 'the record as a whole.'). Moreover, our court is not foreclosed from discussing important issues because the parties did not raise them. *See, e.g., Izumi Seimitsu Kogyo Kabushiki Kaisha v. U.S. Philips Corp.*, 510 U.S. 27, 32, 114 S. Ct. 425, 126 L. Ed. 2d 396 (1993) ("[United States Supreme Court] Rule 14.1(a), of course, is prudential; it 'does not limit our power to decide important questions not raised by the parties.' ") (quoting *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 320, n. 6, 91 S. Ct. 1434, 28 L. Ed. 2d 788 (1971)). *See also United States v. Albertini*, 472 U.S. 675, 679-680, 105 S. Ct. 2897, 86 L. Ed. 2d 536 (1985) ("Although this issue was not raised by the parties or passed upon by the Court of Appeals, we address it to ' "ascertain whether a construction of the statute is fairly possible by which the [constitutional] question may be avoided." ' ") (quoting *Crowell v. Benson*, 285 U.S. 22, 62, 52 S. Ct. 285, 76 L. Ed. 598 (1932)).

conclude that *Couch* was decided under an entirely different and inapposite set of facts and that the parties' Stipulation was reasonable. Therefore, I conclude that the trial court erred in its denial of this important Motion.

### 1. *Couch v. St. Croix Marine, Inc.* is Inapt

*Couch* considered "the extreme prejudice. . . caused defense counsel by [plaintiff] failing to comply with the Federal Rules of Civil Procedure," "[plaintiff's] attempt to manipulate the pace of discovery and the timing of the trial of the case," *id.* at 272, and "failure of the plaintiff to keep in touch with counsel and [to] cooperate in discovery." *Id.* at 273. But *Couch* differs from this case in several ways. First, GM endorsed and ratified the parties' Stipulation to Extend Discovery Deadlines; therefore, it is indisputable that GM was not prejudiced by the parties' discovery deadlines. Second, unlike the plaintiff in *Couch*, there is no evidence that Appellant failed to contact her attorneys. Third, unlike the *Couch* court, the trial court made no findings that this Appellant personally contributed to the delays. Fourth, the trial court made no finding that any party attempted to manipulate the pace of discovery or the scheduling of the trial date, a crucial finding of the *Couch* court. Therefore, the trial court's reliance upon *Couch* was misplaced.

### 2. The Parties' Stipulated Deadlines were Reasonable

Moreover, the parties' stipulated deadlines are reasonable. A cursory review of the parties' stipulated deadlines confirms that their deadlines were reasonably close to the trial court's deadlines.[11] The parties'

---

[11] For example, under the trial court's schedule, discovery closed on December 31, 2006. Under the parties' stipulation, fact discovery would have closed on January 15, 2007, fifteen (15) days after the trial court's deadline. The trial court's deadline for mediation was January 31, 2007, whereas the parties' mediation deadline was March 31, 2007 or a difference of approximately sixty (60) days. For a case pending more than four (4) years, a sixty-(60)-day hiatus is not unreasonable for the specific purpose of conducting mediation, which could possibly result in a final disposition of the case. The parties' stipulated deadline of February 15, 2007 for Appellant's expert's disclosures required by Rule 26(a) (2) (B) was less than three (3) months apart from the trial court's November 24, 2006 deadline. Considering that at the time of the trial court's expert witness disclosure deadline, this case was already pending for a protracted period of more than four (4) years, a three (3) month postponement, as urged by the parties' stipulation, would not have adversely affected or measurably impacted the court's trial calendar.

Stipulation is comprehensive and plausibly calculated to move the case towards a final resolution. More succinctly, the parties' Stipulation surpassed the usual, perfunctory stipulation for extension of time, because the Stipulation enumerated a mediation date, a deadline date for deposition of experts and non-expert witnesses, a deadline date for written discovery and a potential trial date. Unquestionably, the parties' compliance with the Stipulation would have assisted the trial court in managing its overcrowded docket. Moreover, the parties' Stipulation would have effectuated a final resolution of the case either by mediation, by settlement, or by trial within a reasonable time period. Importantly, the fact that the parties' October 26, 2006 Joint Stipulation was filed approximately three weeks prior to the trial court's November 14, 2006 Discovery Order buttresses the claim of the trial court's abuse of discretion.

Pursuant to the provisions of the parties' Stipulation, all discovery would have been completed within a time period almost congruent with or within three and a half months of the trial court's pre-trial final discovery deadlines. Essentially, the trial court allowed the case to languish for years and then imposed an unrealistic schedule. One aspect of the unreasonableness of the trial court's November 14, 2006 Order is that the trial court ordered Appellant to submit all expert reports by November 24, 2006, or within a paltry ten (10) days after the Order was entered. In the same Order, the trial court required that discovery be closed on December 31, 2006, or less than fifty days after its November 14, 2006 Discovery Order. Undeniably, an undue hardship of time was visited upon Appellant by the trial court's November 14, 2006 Order. Consequently, I conclude that the trial court abused its discretion when it rejected the parties' stipulation regarding the time for discovery and specifically the time to produce expert witnesses' reports.

Next, we address the trial court's flawed Discovery Order containing a defective deadline for submitting Appellant's expert witnesses' reports.

## C. Denial of the Motion for Extension of Time to File Expert's Report was Error

A pivotal question is whether the trial court properly denied Appellant's motion for extension of time to file her expert's report

because the motion was untimely.[12] I conclude that the motion was timely filed, and that the trial court's consideration of just one factor, timeliness, of the many factors a court must weigh, constitutes error.

A decision to extend a deadline is within the sound discretion of the court and requires consideration of several factors. *See generally Extension of Discovery Deadline*, 10 FED. PROC. L. ED. § 26:26 (2007). For example, in *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), the court identified a list of factors to be considered. The non-exhaustive, typical factors that should be considered are:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.*; *see United States v. Sayer*, 450 F.3d 82, 90 (1st Cir. 2006) ("[a] trial court asked to extend a previously set discovery deadline is likely to make an intuitive judgment based on a range of factors."); *see also, Audi AG v. D'Amato*, 469 F.3d 534, 541 (6th Cir. 2006) ("[f]actors . . . include when the moving party learned of the issue that is the subject of discovery, how the discovery would affect the ruling below, the length of the discovery period, whether the moving party was dilatory, and whether the adverse party was responsive to prior discovery requests."). Importantly, apart from the application of timeliness, the trial court did not consider any other factor in denying Appellant's motion.

The trial court denied as untimely Appellant's motion seeking an extension of time to file her expert's report "filed one week after the reports were due " based upon the trial court's mistaken discovery order.

---

[12] To be clear, "we [are not] reaching out to decide this issue in a case where the matter was not raised by the parties" because the parties raised the issue in their briefs. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1969 n. 8, 167 L. Ed. 2d 929 (2007). Appellee contends, for example, that Appellant was not entitled to Rule 56(f) relief because she "failed to comply with the trial court's deadline for submission of her expert report and could not be bothered to timely move for an enlargement of time." (Appellee's Br. at 11-12.) Inherent in Appellee's claim is that the trial court issued a correct deadline for Appellant to submit her expert report. *But see, supra* V (C).

(J.A. at 392.) Literally, the trial court did not provide any date for Appellant to file an expert report. In its discovery order of November 14, 2006, the trial court required that "Plaintiff shall submit all expert reports as required by FED. R. CIV. P. 26(b)(4). . . ." (J.A at 397.) However, Rule 26 (b)(4) *does not require the submission of expert reports at all.* The Rule states:

> (4) *Trial Preparation: Experts*
>
> (A) *Expert Who May Testify.* A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.
>
> (B) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
> (i) as provided in Rule 35(b); or
>
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Rule 26 (b)(4) further provides that an *expert's deposition* may not proceed until the report is provided. Therefore, the trial court did not provide a deadline for disclosures by expert witnesses pursuant to Rule 26 (a)(2)(B) of the Federal Rules of Civil Procedure.[13] Rule 26 (a)(2)(C)

---

[13] FED. R. CIV. P. 26(a)(2)(B) provides:

(B) Except as otherwise stipulated or directed by the court, this disclosure shall, with respect to a witness who is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involve giving expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

governs the time for filing expert disclosures described under Rule 26(a)(2)(B) and provides:

> (C) *Time to Disclose Expert Testimony*. A party must make these disclosures at the times and in the sequence that the court orders. Absent a stipulation or a court order, the disclosures must be made:
>
> (i) at least 90 days before the date set for trial or for the case to be ready for trial; or
>
> (ii) if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B), within 30 days after the other party's disclosure.

The trial court neglected to order the time and the sequence for Appellant to file her expert's report. Parties' stipulations extending the time for completing discovery must have the court's approval. FED. R. CIV. P. 29(b). Therefore, the parties' October 25, 2006 Stipulation is not operative because the trial court did not approve it. Accordingly, there was no deadline imposed by the trial court or by the parties apart from the trial court's general direction regarding the end of discovery. Ordinarily "in the absence of other directions from the court or stipulation by the parties, the disclosure shall be made at least 90 days before the trial date . . . [or 30 days in the case of a rebuttal expert disclosure]." FED. R. CIV. P. 26(a)(2)(C). Even though it provided no effective deadline for filing expert reports, the trial court's direction that "[a]ll discovery in this case shall be completed no later than December 31, 2006" is unequivocal.

If Appellant's expert reports, as part of "all discovery", were due on December 31, 2006, it follows that *Appellant's November 30, 2006 Motion for Extension of Time to Produce Expert Report was not untimely*. The following further illustrates that the trial court's order was mistaken. If I utilize the December 31, 2006 deadline for evaluating compliance with the trial court's order, it would mean that that the trial court required *expert reports and depositions to be completed on the same day, December 31, 2006*. This is an impossible schedule with which to comply, because of Rule 26(b)(4)'s command that "[i]f Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided." In this case, the trial court's discovery order wholly failed to reasonably provide the times and the sequence for the *depositions of experts* to be accomplished.

329

Even if viewed that the trial court provided no direction whatsoever for filing expert reports, Rule 26(a)(2)(C) would apply and Appellant's expert's report would be due 90 days before the trial date of February 26, 2007, set by the trial court. Ninety (90) days before February 26, 2007 is November 28, 2006. Appellant's Motion for Extension of Time to Submit Expert Report was filed on November 30, 2006, eighty-eight (88) days before the trial date thereby making the Motion timely.

Based upon the foregoing case law regarding extension of discovery deadlines, I contend that the trial court should have considered the following factors in deciding whether to extend pretrial deadlines: prejudice to the non-moving party, the relevance of discovery sought, the parties' diligence in seeking discovery, and whether the motion seeking additional time is opposed. The trial court did not consider these factors in its consideration of the parties' Stipulation to Extend Discovery Deadlines, focusing only on the Stipulation's effect on the court's docket. In denying Appellant's Motion for Extension of Time to Produce Expert Report, the trial court considered only the timeliness of the motion. Without first weighing the relevant factors, the trial court mechanistically denied both the parties' Stipulation for Extension of Discovery Deadlines and Appellant's Motion for Extension of Time to Produce Expert Report. In so doing, I conclude that the trial court abused its discretion.

It is axiomatic that when a court with discretion fails to balance the pertinent factors required for it to properly exercise that discretion, such failure constitutes an abuse of discretion. *See, e.g., Vinci v. Consol. Rail Corp.*, 927 F.2d 287, 288 (6th Cir.1991) ("[t]he failure to exercise discretion can also constitute an abuse of discretion"). In *Vinci*, the United States Circuit Court for the Sixth Circuit reversed a trial court's order dismissing plaintiff's complaint for failure to prosecute because of abuse of discretion under similar circumstances. The *Vinci* court found that although plaintiff's counsel was neglectful in missing a deadline, that the delay caused by the missed deadline was not excessive, that the opposing party was not prejudiced by the delay, that the matter was not old in the court's docket, and that the opposing party was also blameworthy for the delay. *Id.*

Against this background, the United States Sixth Circuit Court determined that the trial court's "dismissal appears to be almost mechanical; the date for the filing of the pretrial order had passed and an order of dismissal issued." *Id.* According to the Sixth Circuit Court, the

trial court's "failure to exercise discretion can also constitute an abuse of discretion." *Id. Vinci* is persuasive because the trial court's denials of Appellant's Motion for Extension of Time to Produce Expert Report and denial of her Motion for Reconsideration were just as mechanical.

Additionally, I am mindful that the Federal Rules of Civil Procedure is not the basis for the trial court's denial of Appellant's Motions; rather, the trial court denied the motion based on a perceived violation of its own orders. However, it is obvious that the trial court evaluated the Appellant's motion using the wrong standard, whether it was the Court's deadline or the Rule 26 (a)(2)(C)'s standards. Accordingly, the trial court erred in its January 22, 2007 Order, denying as untimely Appellant's Motion for Extension of Time to Produce Expert Report. The trial court omitted to provide a deadline, did not approve the parties' Stipulation which contained a correct provision for filing an expert report, and the trial court did not evaluate Appellant's Motion for Extension of Time based on Rule 26 (a)(2)(C) standards. Next, I'll discuss whether the trial court's Rule 56(f) decision was erroneous.

## D. The Trial Court's Denial of Appellant's Rule 56(f) Motion was Improper

According to its February 27, 2006 Order, the trial court denied Appellant's Rule 56(f) Motion because: (a) it incorrectly believed that the Appellant did not file any affidavit with the Motion and (b) that it was untimely, since it was filed after discovery closed. The trial court reasoned that "[t]o allow Plaintiff the relief she seeks would essentially permit her to reopen discovery and further delay adjudication of this matter which has been pending for five years." (J.A. at 6.)

Appellant's Rule 56(f) Motion was properly filed. The Motion was supported by the affidavits of Appellant, Attorney Royette V. Russell, and Attorney Martial A. Webster, as the rule requires. (*See* J.A. at 398-406 (Exhibit nos. 15 & 16).) Significantly, the parties agree that the trial court's conclusion, that no affidavit accompanied Appellant's Motion, is patently incorrect. (Appellant's Br. at 13; Appellee's Br. at 13). Because Rule 56(f) explicitly instructs that a court's decision must be based upon what "appear[s] from the affidavits of a party," it imposes an absolute duty upon the trial court to consider filed affidavits when ruling on a Rule 56(f)

Motion.[14] However, in this case, the trial court failed to review the affidavits that supported Appellant's Motion; therefore, it improperly denied Appellant an opportunity to conduct discovery.

"[C]ourts usually grant properly filed Rule 56(f) motions as a matter of course." *St. Surin*, 21 F.3d at 1314 (internal quotation marks omitted). When it comes to the attention of the trial court that there is outstanding material discovery, the court's denial of a motion for summary judgment is justified. *Doe v. Abington Friends Sch.*, 480 F.3d 252, 257 (3d Cir. 2007). "And whatever its decision, it is 'improper' for a [trial] court to rule on summary judgment without first ruling on a pending Rule 56(f) motion." *Id.* (quoting *St. Surin*, 12 F.3d at 1311). The trial court's decision to grant a Rule 56(f) motion " 'depends, in part, on what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained.' " *Contractors Ass'n of E. Pa., Inc. v. City of Phila.*, 945 F.2d 1260, 1266 (3d Cir. 1991) (quoting *Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989)).[15] In not reviewing the affidavits annexed to Appellant's Motion, the trial court cannot be deemed to have properly ruled on the Rule 56(f) Motion.

Secondly, the trial court rejected Appellant's Rule 56(f) Motion, asserting that it was filed after discovery closed. However, Rule 56(b) of the Federal Rules of Civil Procedure instructs that a motion for summary

---

[14] The policy behind Rule 56(f) emphasizes the need for the court's diligent review of facts presented where,

> the parties had conducted discovery, and [a] serious claim can be made that [Appellant] was in any sense "railroaded" by a premature motion for summary judgment .... Any potential problem with such premature motions can be adequately dealt with under Rule 56(f), which allows a summary judgment motion to be denied, or the hearing on the motion to be continued, if the nonmoving party has not had an opportunity to make full discovery.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 326, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).

[15] "However, because '[a] [trial] court has discretion in acting on Rule 56(f) motions,' this list of factors is not exhaustive." *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003) (quoting *City of Phila.*, 945 F.2d at 1267). Rather, continues the court, the list "simply offer[s] a guide for the . . . court to follow in exercising its discretion under Rule 56(f)," *id.*, and "provides the general framework for our inquiry[.]" *Horvath*, 333 F.3d at 458. In evaluating Rule 56(f) affidavits, the court must not be certain about an outcome, because "discovery digs subsurface and may unearth facts that tend to support the contrary conclusion." *Abington Friends Schl.*, 480 F.3d at 259.

judgment may be filed "at any time."[16] Rule 56(f) motion's raison d'être is to secure the extension of time needed to obtain information necessary to oppose a motion for summary judgment. *See St. Surin*, 21 F.3d at 1314. It follows, therefore, that a Rule 56(f) Motion can only be filed after the filing of a motion for summary judgment and the filing of a Rule 56(f) Motion is justified. *See, e.g., Adorno v. Crowley Towing Transp. Co.*, 443 F.3d 122, 128 (1st Cir. 2006) ("[A] Rule 56(f) Motion should be filed 'promptly upon service of [an opposing party's] dispositive motion[.]'") (quoting *Vargas-Ruiz v. Golden Arch Dev., Inc.*, 368 F.3d 1, 4 (1st Cir. 2004)). Regarding timeliness in the application of Rule 56(f), it has been held that:

> There is no fixed time limit for filing a Rule 56(f) motion; that is, neither the Federal Rules nor the local rules place any relevant restriction on the submission of such a motion, at least when the court has not assigned a firm date for a hearing on, or adjudication of, the opposing party's summary judgment initiative.

*Resolution Trust Corp. v. North Bridge Assocs., Inc.*, 22 F.3d 1198, 1204 (1st Cir. 1994).[17]

The trial court did not cite any authority for its proposition that a Rule 56(f) Motion cannot be filed after discovery is closed. Notably, the trial court's conclusion is not supported by the Federal Rules of Civil

---

[16] Federal Rules of Civil Procedure Rule 56 provides for a party to file a motion for summary judgment at "any time" in the following manner:

> (a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim. The motion may be filed at any time after: (1) 20 days have passed from commencement of the action; or (2) the opposing party serves a motion for summary judgment.
> (b) *By a Defending Party*. A party against whom relief is sought may move at any time, with or without supporting affidavits, for summary judgment on all or part of the claim.

GM was defending against Appellant's claims and could therefore file for summary judgment at any time.

[17] In unpublished opinions, not cited here as precedent, the United States Court of Appeals for the Third Circuit has cited *Resolution Trust* for the proposition that there is no deadline for filing a Rule 56(f) motion. *See, e.g., Ray v. Brooks*, 142 Fed. Appx. 652, 653 (3d Cir. 2005) ("there is no fixed time limit for filing a Rule 56(f) motion . . . . *Resolution Trust Corp. v. North Bridge Assocs., Inc.*, 22 F.3d 1198, 1204 (1st Cir. 1994); *see also Ashton-Tate Corp. v. Ross*, 916 F.2d 516, 520 (9th Cir. 1990)."); *see Ray v. Walker*, 147 Fed. Appx. 292, 294-95 (3d Cir. 2005).

Procedure or any controlling legal authority.[18] Furthermore, the trial court's defective Order of January 22, 2007 did not provide any clear date for filing Appellant's expert's reports. Therefore, the discovery deadline date of November 24, 2006 or December 31, 2006 cannot be the expiration date for a Rule 56(f) Motion, because Rule 56(b) permits the filing of a motion for summary judgment "at any time." Concomitantly, "a Rule 56(f) Motion should be filed promptly upon service of [an opposing party's] dispositive motion[.]" *Adorno*, 443 F.3d at 128 (internal quotation omitted). Furthermore, it is the duty of a court considering a Rule 56(f) Motion to review the contents of affidavits in search of reasons that could defeat a motion for summary judgment as the rule explicitly requires. *See, e.g.*, *Allen v. Martin*, 460 F.3d 939, 943 (7th Cir. 2006); *Messina v. Krakower*, 370 U.S. App. D.C. 128, 439 F.3d 755, 762 (D.C. Cir. 2006). Therefore, the trial court's concerns that a grant of Appellant's 56(f) Motion would reopen discovery and further delay adjudication of this matter is misplaced.

### 1. Appellant's Properly Filed Rule 56(f) Motion Should Have been Considered

Appellee contends that the trial court's errors were harmless, because Appellant failed to meet Rule 56(f)'s standards for granting a continuance. Specifically, Appellee argues that Appellant had sufficient time to conduct discovery but procrastinated; therefore, she lost her Rule 56(f) rights. Appellee also argues that Appellant's affidavits failed to establish that the information that she sought therein would defeat GM's Summary Judgment Motion as required by law. (Appellee's Br. 6-13.) I will review the Rule 56(f) standards, the affidavits supporting Appellant's Motion, and the parties' arguments.

The United States Court of Appeals for the Third Circuit "has interpreted Rule 56(f) as imposing a requirement that a party seeking

---

[18] *See Resolution Trust Corp.*, 22 F.3d at 1204. In another unpublished opinion, not cited here as precedent, the Third Circuit expressed an expansive reading of the availability of Rule 56(f) relief. *See Morrison v. Carpenter Tech. Corp.*, 193 Fed. Appx. 148, 151-52 (3d Cir. 2006). Although no Rule 56(f) affidavit was filed, the court proclaimed that "[Morrison] sought to take the depositions outside of the discovery period in order to obtain additional facts to support his opposition to Carpenter's summary judgment motion, [therefore] we conclude that the procedures set forth in Rule 56(f) apply." At 152 (citing *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 510-11 (3d Cir. 1994) (likewise no Rule 56(f) motion was filed).

further discovery in response to a summary judgment motion submit an affidavit specifying, for *example*, what particular information is sought; how, if uncovered, it would preclude summary judgment; and why it has not previously been obtained." *Dowling v. City of Phil.*, 855 F.2d 136, 139-140 (3d Cir. 1988) (emphasis added). *See also Abington Friends Sch.*, 480 F.3d at 255 n. 3; *Hackworth v. Progressive Cas. Ins. Co.*, 468 F.3d 722, 732 (10th Cir. 2006); *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 162 (5th Cir. 2006); *Adorno*, 443 F.3d at 128; *Tatum v. S.F.*, 441 F.3d 1090, 1100 (9th Cir. 2006); *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1310 (Fed. Cir. 2006). Unquestionably, the courts did not pronounce inflexible rules that must be applied irrespective of discretion, but enumerated guidelines for a trial court considering a Rule 56(f) motion.[19] Ordinarily, a party may not "fairly rely" on requests that pre-date the parties' agreement to gain an advantage in a Rule 56(f) dispute. *See Lunderstadt v. Colafella*, 885 F.2d 66, 71 (3d Cir. 1989).[20]

---

[19] "However, because '[a] [trial] court has discretion in acting on Rule 56(f) motions' this list of factors is not exhaustive." *Horvath v. Keystone Health Plan East, Inc.*, 333 F.3d 450, 458 (3d Cir. 2003) (quoting *City of Phila.*, 945 F.2d at 1267). Rather, continues the court, the list "simply offer[s] a guide for the . . . court to follow in exercising its discretion under Rule 56(f)," *id.*, and "provides the general framework for our inquiry." *Horvath*, 333 F.3d at 458. In evaluating Rule 56(f) affidavits, the court must not be certain about an outcome, because "discovery digs subsurface and may unearth facts that tend to support the contrary conclusion." *Abington Friends Schl.*, 480 F.3d at 259.

[20] In *Lunderstadt*, the trial court denied Plaintiff's 56(f) Motion because the plaintiff failed to submit affidavits showing their need for information to effectively oppose the defendant's motion for summary judgment. 855 F.2d at 70. The Third Circuit remanded the entire case to the trial court on other grounds, but ruled that the 56(f) motion was properly denied. *Id.* at 78-79 ("[W]e also will not base our opinion on the Rule 56(f) issue on the failure to file an affidavit[.]"). *Id* at 70 The *Colafella* plaintiff tried to excuse their unreasonable delay of eleven months between the filing of their complaint and their attempt to depose relevant witnesses by pointing to demands they made prior to the parties' discovery agreement to move litigation to other issues. *Id.* at 71. In the words of the Third Circuit:

> To refute the finding that they delayed in their pursuit of the necessary discovery, the plaintiffs point to their notices of deposition, interrogatories and a Request for Production of Documents served in December 1987 directed to the defendants which included requests for material and information relating to the dissemination of the allegedly defamatory information. However, plaintiffs did not pursue these requests after the parties agreed in February to limit discovery to the immunity issue. Plaintiffs now rely on *Costlow v. United States*, 552 F.2d 560, 564 (3d Cir.1977), where, in light of the unanswered interrogatories outstanding, we held that summary judgment was premature. In this case, however, the agreement reported by plaintiffs' counsel on February 23, 1988 designed "to shift the focus of discovery . . . to the immunity issues," App. at 1273,

Additionally, a trial court "should be wary before granting summary judgment without conducting a hearing." *St. Surin*, 21 F.3d at 1315.

In her Rule 56(f) Motion, Appellant explicated that her current counsel took over the case on June 18, 2005. (J.A. at 60.) She complained that the trial court "denied [her] the ability to present her expert witness" by imposing an unreasonable schedule and denying her motion for additional time to produce her expert's report. (J.A. at 64.) Additionally, she asserted that Appellee has failed to provide requested "information or documentation." (J.A. at 61.) In her affidavit, Appellant's counsel, Royette Russell, stated that as a result of Appellee's failure to produce documents, she suffered a lack of "sufficient information to form an affidavit or submit appropriate documents in opposition to defendant's Motion for Summary Judgment." (J.A. at 404.) The documents and other information Appellant needed to oppose Appellee's Summary Judgment Motion are in the sole possession of Appellee. Attorney Russell asserted that the documents being sought in discovery "are absolutely necessary to probe into the nature of the [brakes'] defects and Appelle's knowledge of the existence of the defects." Appellant's counsel averred that Appellee has not made its expert witness available for a deposition. (J.A. at 404; J.A. at 406.)

Applying Rule 56(f) precepts under the *Dowling* framework, Appellant's Rule 56(f) Motion which was accompanied by the requisite affidavits, and in which she contended that she was denied the use of an expert witness and the ability to depose Appellee's expert witness by the trial court, should have caused the trial court to hesitate before granting summary judgment. Indisputably, the Appellant's Motion demonstrated that she needed an expert witness, whose opinion would likely preclude summary judgment, and that this information could not be obtained earlier because of the trial court's discovery orders. *See Dowling*, 855 F.2d at 140.

---

which specified certain outstanding discovery to be answered, did not include the plaintiffs' December 1987 discovery requests. *Therefore, plaintiffs cannot fairly rely on those requests since they did not refer to them in their own letter to defendants' counsel.*

Plaintiffs have not adequately explained their lack of diligence.

*Lunderstadt v. Colafella*, 885 F.2d at 71 (emphases supplied).

*Dowling* also requires an applicant for Rule 56(f) relief to substantiate that the information being sought, if uncovered, would preclude summary judgment. Appellant's counsel averred that the information she sought in discovery is necessary to demonstrate that there are genuine issues of material fact regarding whether the defects identified in Appelle's recall notices existed in Appellant's vehicle. Appellee concedes that there is outstanding discovery but argues that "[e]ven if this information were produced, appellant would be no closer to proving that the subject vehicle's brakes were defective." (Appellee's Br. at 12.) Appellee argues further that Appellant "has not presented a scintilla of evidence to support her claim that her vehicle's braking system was defective." (Appellee's Br. at 10.) For this reason, Appellee importunes us to affirm the trial court's denial of Appellant's Rule 56(f) Motion.

Appellee is mistaken. "[W]here the facts *are solely in the possession of the moving party* a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course . . . ." *Colafella*, 885 F.2d at 71 (approvingly quoting *Ward v. United States*, 471 F.2d 667, 670 (3d Cir. 1973) (brackets and ellipses omitted). Furthermore, *Abington Friends School* teaches us not to reject the request for additional discovery based on our view of the likely outcome of the discovery process. *Abington Friends School*, 480 F.3d at 257 (reversed the trial court's ruling which embraced an outcome "[o]n the basis of a single affidavit offered by the movant . . .").[21] Now, armed with its own expert report, which by the trial court's discovery order Appellee was not required to disclose, Appellee urges us to affirm the trial court's Order granting summary judgment, even though significant discovery still remains outstanding. The trial court made absolutely no factual finding regarding Appellant's affidavits and whether their contents

---

[21] Whether a well known Quaker school, Abington Friends School, is a religious institution qualifying for a religious exemption under the American Disability Act (ADA), was the question before the court and the answer seemed ordinarily obvious. But as the Third Circuit explained in the Rule 56(f) context:

> It may be that, after whatever discovery the [court] chooses to allow on remand, [Appellant] does qualify for the ADA's religious exemption. One of the oldest primary and secondary schools in the country, long known for its Quaker heritage, superficially seems to be a strong candidate. But discovery digs subsurface and may unearth facts that tend to support the contrary conclusion.

*Id.* at 259.

were sufficient to delay Appellee's Summary Judgment Motion. Without a hearing, and without the deposition of Appellee's single expert, *Abington Friends School* stands for the proposition that we should not foreclose discovery under these circumstances.

Appellee further posits that Appellant was not diligent in seeking discovery; therefore, Rule 56(f) relief was not available to her. In support of its proposition, Appellee reminds us that this case was filed on or about March 22, 2002, and Appellant served discovery requests on Appellee only on June 14, 2005, a delay in excess of three years. (Appellee's Br. at 7.) Appellee argues that Appellant "failed to submit the report" after "the trial court set a deadline of November 24, 2006 for the submission of [A]ppellant's expert report." (Appellee's Br. at 9.)[22]

Appellant's delays and tardiness are disconcerting. However, Appellee's argument that Appellant unreasonably delayed discovery is undermined by the parties' stipulation to move discovery forward. When parties stipulate to conduct discovery in a particular way, it is unfair for one party to raise issues that predate the parties' agreement in order to gain an advantage on a Rule 56(f) motion. *See Lunderstadt*, 885 F.2d at 71. Apart from the parties' stipulation to extend discovery deadlines (J.A. at 389), the trial record reveals a September 11, 2006 letter in which Appellee expressed its "willing[ness] to extend the time for discovery into November, *subject to the court approval*, if [Appellant] will stipulate to an extension of the scheduling order setting trial of the case until the spring of 2007." (J.A. at 550). `

Letters by counsel and the parties' Stipulation to Extend Discovery Deadlines manifest the parties' agreement to move the case forward and not return to issues pre-dating their stipulation. Importantly, Appellee had ample opportunity to challenge Appellant's alleged dilatory conduct for discovery prior to the November 2006 Order. However, any challenge or complaints about Appellant's alleged dilatoriness on discovery would be undermined by the parties' stipulation. I cannot ignore the fact that had the trial court accepted the parties' stipulation[23], which allows for

---

[22] GM does not address the validity of the trial court's November 24, 2006 order requiring that "Plaintiff shall submit all expert reports as required by FED. R. CIV. P. 26(b)(4) *no later than* November 24, 2006." This order is literally impossible to comply with because Rule 26(b)(4) does not address expert reports at all.

[23] *See Supra*, Section V (b).

extensive discovery with deadlines, Appellant's Rule 56(f) Motion would have become superfluous. Not surprisingly, Appellee which also desired an extension of the Scheduling Order, reports no prejudice as a result of Appellant's delay in seeking discovery. Accordingly, Appellee's argument that Appellant is not entitled to a Rule 56(f) relief is unavailing.

Furthermore, because "whatever its decision, it is 'improper' for a . . . court to rule on summary judgment without first ruling on a pending Rule 56(f) Motion[,]" *Abington Friends Sch.*, 480 F.3d at 257, we must decide whether the trial court "first rul[ed] on" Appellant's pending Rule 56(f) Motion before its grant of Appellee's Motion for Summary Judgment.[24] When the trial court decided Appellee's Summary Judgment Motion but neglected to first review facts contained in affidavits annexed to Appellant's Rule 56(f) Motion, and justified its denial of the Rule 56(f) Motion by its own incorrect belief that Appellant untimely filed her Motion, the question arises whether there was a "ruling" on the Rule 56(f) motion prior to the trial court granting summary judgment. The answer is no, because the trial court disregarded the expressed and central basis for deciding a Rule 56(f) motion — consideration of facts contained in affidavits. Essentially, the trial court did not consider "facts," because it overlooked filed affidavits containing the relevant facts submitted in support of Appellant's Rule 56(f) motion. Despite its failure to consider any facts contained in Appellant's Rule 56(f) Motion and accompanying affidavits, the trial court granted Appellee's Motion for Summary Judgment.

"A reviewing court even though it must conduct its own examination of the record, has a different focus than the trial court." *Murphy v. Reynoldsburg*, 65 Ohio St. 3d 356, 604 N.E.2d 138, 141 (Ohio 1992) (explaining why a trial court that failed to read motions and briefs before granting summary judgment must be reversed). "If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court." *Id.* I agree. Rule 56(f) imposes a duty on the trial court to review affidavits containing the

---

[24] To "rule" is to "decide a legal point." BLACK'S LAW DICTIONARY 1357 (8th ed. 1999). When a court rules or decides, its "decision" is "a judicial . . . determination after consideration of the facts and the law; esp[ecially] a ruling . . . pronounced by a court when considering or disposing of a case." *Id.* at 436.

facts that support Appellant's Motion. The trial court's failure to review those affidavits constitutes reversible error.

Because the trial court denied key motions and failed to review filed affidavits and did not review the Rule 56(f) Motion while incorrectly believing that it was untimely filed, the trial court abused its discretion when it denied Appellant's Rule 56(f) Motion and erred in its grant of Appellee's Motion for Summary Judgment. *See St. Surin*, 12 F.3d at 1311; *Contractors Ass'n*, 945 F. 2d at 1267; *Abington Friends Sch.*, 480 F.3d at 259. Accordingly, I will reverse the trial court's grant of summary judgment.

## VII. CONCLUSION

Upon the facts of this case, I conclude that the Superior Court's Order granting Appellee's Motion for Summary Judgment must be vacated, and the case remanded to the trial court with instructions for the trial court to provide the parties with a realistic discovery schedule, including reasonable discovery deadlines, before the trial court decides any motion for summary judgment.